No. 5656.

### S. D. STEADMAN ET AL. *v.* MERCHANTS AND PLANTERS BANK OF SHERMAN.

1. CORPORATIONS—STATUTES CONSTRUED.—The eleventh section of the act of 1874, relating to corporations, construed in connection with article 11, section 6 and section 35, must be regarded as meaning that "a corporation shall have succession by its corporate name for the period limited in its charter" for twenty years.
2. SAME.—There is nothing in the act of 1874 relating to corporations that shows an intent to change the previous provisions of the act of 1871, allowing corporations to exist beyond the period of twenty years, should their charters so provide.
3. CONSTRUCTION OF STATUTES.—When an old law is superceded by a new one whose provisions are vague and indefinite, the former law may be resorted to for purposes of construction.
4. SAME.—There is nothing in the act of 1874 relating to corporations, evincing the purpose of the Legislature to change the former provisions of the act of 1871, allowing corporations to exist beyond the period of twenty years, should their charter so provide.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

No briefs on file for appellant.

*J. R. Cowles* and *Woods, Wilkins & Cunningham* and *Bryant & Dillard,* for appellee: On their proposition that there was no error in sustaining the demurrer to appellant's plea in abatement, for said plea set out the charter and amendment under which appellee was incorporated and acting, and said charter, with its amendment, was a good and valid charter for the full time in said amendment specified, cited Acts 1871, page 66, sections 6, 11, 22, article 13; Acts 1873, page 42; Acts 1874, caption 97, article 2; sections 6, 10, article 3; sections 11, 22, article 13; Revised Statutes, articles 567 and 578; General Statutes of Kansas, 1868, part 1, page 190, et seq.; Angell & Ames on Corporations, sections 635, 636; South Valley Water Works Company v. San Francisco, 22 California, 441; Judah v. Insurance Company, 4 Indiana, 334; Dunning v. Railroad, 2 Indiana, 437.

They contended that the demurrer to appellant's plea was

properly sustained, for said plea showed that twenty years had not elapsed since the time of filing the amendment to the charter, nor since the time of filing the original act of incorporation; and said charter, if not good for the full period therein specified, would at least be good for twenty years from the time of filing the amendment, and especially would it be good for twenty years from the time of filing the original charter·

That even if the charter as amended was not a good charter, yet the answer showed said charter to be duly filed as required by law, and to be the charter under which appellee was acting· and the question of its validity was a question between the appellee and the State, and one which appellant could not raise as an answer to a suit for indebtedness brought by appellee against him, they cited Brennan v. Bradshaw, 53 Texas, 330; Angell & Ames on Corporations, sections 135, 136; Central A. & M. Association v. Insurance Company, 70 Alabama, 120; same case, 3 American and English Corporation Cases, 78; Williamson v. Kokomo Association, 89 Indiana, 399; same case, 4 American and English Corporation Cases, 172; Methodist Episcopal Church v. Pickett, 19 New York, 482; Mitchell v. Deeds, 49 Ill., 416; President, &c. v. Hartsville, 34 Indiana, 416; Railroad v. Miller, 56 Indiana, 88; Frost v. Frostberg Coal Company, 24 Howard, 278; Hackensack Water Company v. DeKay, 35 New Jersey Equity 548; Swartwout v. Railroad, 24 Mich., 289; Walworth v. Brackett, 98 Massachusetts, 98; Commonwealth v. Bakeman, 105 Massachusetts, 97; Ossipee Manufacturing Company v. Canney, 54 New Hampshire, 295; Railroad v. Railroad, 45 California, 680; Railroad v. Plumas Company, 37 California, 354; Bakersfield Association v. Chester, 55 California, 98.

WILLIE, CHIEF JUSTICE.　The Merchants and Planters Bank of Sherman, on the thirteenth of January, 1884, brought this suit against the appellant Gunter and others to recover the amount alleged to be due from the defendants to the bank upon a promissory note. Gunter pleaded in abatement to the effect that the bank's charter had expired before the commencement of this suit, and hence it was improperly brought by the plaintiff in the action, and set forth the facts upon which he relied to establish the truth of the plea. A demurrer to this plea was sustained by the court below, and the parties went to trial with no other answer on the part of the appellant except the general denial. Judgment was rendered for the bank, and from that judgment Gun-

ter appealed, assigning as error the ruling of the court upon his plea in abatement.

The bank was originally incorporated under the statute of 1871, which empowered every corporation to have succession by its corporate name for the period limited in its charter, and, when no period was limited, for twenty years.

The act of 1874, in force when the amended charter was filed, provides upon this subject in the following language, found in its eleventh section: "Every corporation as such has power: first, to have succession by its corporate name for the period limited, for twenty years." The same act provided for an amendment to the charters of corporations formed under the act, and further declared as follows in its tenth section: "No amendments or changes violative of the Constitution or laws of this State, or of this act, shall be of any force or effect." The theory of the plea in abatement is that the amended charter having authorized the bank to have succession for more than twenty years, was in violation of the act of 1874, and, therefore, of no effect; that this left the original charter in force for the ten years limited, and that having expired before this suit was commenced, the bank had no right to maintain the action. This theory is based upon two conclusions drawn from the act of 1874: first, under it no charter could be limited to endure for more than twenty years; second, that if a charter provided for a limit beyond twenty years it was void in every respect.

If either of these propositions is incorrect, the plea was of no avail, and the demurrer to it was rightly sustained. The language of the eleventh section of the act to which we have referred is obscure, and we must resort to construction to arrive at the meaning of the Legislature. It is contended by the appellant that, as the object of the act was to grant franchises to corporations, it must be strictly construed against them. Grant this, yet either the letter of the law, or some reasonable interpretation of it, must forbid, or at least not allow, corporations to provide for an existence of sixty years, or appellee's charter of 1876 is not void. The act does not say so in words, and this construction can not be given to it without a serious alteration of its terms. The first clause of the sentence cited allows a corporation to exist "for the period limited." Where are we to look for the limitation? The statute itself answers this question; for in article 2, section 6, we find fully set forth what the charter should contain, and the fourth subdivision says it must set forth

"the term for which it is to exist." We find also in the thirty-fifth section that a corporation is dissolved by the expiration of the time limited in its charter.

If in pursuance of the statute the corporators prescribe a period for the corporation to continue, and the statute says that at the end of that time the corporation shall stand dissolved, that is certainly the period to which the statute, in another section, alludes to as the one limited during which it shall have succession in its corporate name. We think therefore that the eleventh section should read as if it said that a corporation shall " have succession by its corporate name for the period limited in its charter," for twenty years. The first clause of this sentence becomes thereby very intelligible. What effect has the addition of the words " for twenty years" upon its meaning? Do those words restrict the generality of the first part of the sentence, so as to prohibit corporations from providing in their charters for an existence of more than twenty years? It would require the insertion of quite a number of words, without any reason for so doing, and the striking out of the word "for," to give it that meaning. In lieu of "for twenty years" we should have to read "if not more than twenty years," or words to that effect. This would be to put language into the mouth of the Legislature which we have no reason to suppose they intended to use. There is nothing in the whole act that warrants such a construction, and it is certainly against the uniform policy of the State to limit the life of a corporation to so short a period of time when a longer period of existence is provided for in the charter. If such is the effect of this doubtful language in the law of 1874, it is the only time that such a provision has ever been enacted.

The act of 1871 provided that every corporation should have succession by its corporate name for the period limited in its charter, and when no period was limited, for twenty years. That act was repealed by the act of 1874, but almost all of its important provisions were re-enacted. Charters were procured under it in the same way, and the same powers were given, to be exercised in the same manner, with one or two exceptions. When an old law is superseded by a new one, and the latter is vague and indefinite in any of its provisions, it is not improper to refer to the former to settle the meaning of such provisions. (U. S. v. Bowen, 100 U. S., 508.) Had the statute intended to shorten the life of corporations, a few words would have sufficed to accomplish that object, and those doubtless would have been

used and the matter placed beyond doubt. Instead of this, we find the words "for twenty years" placed in the same position as in the old statute, and separated from the balance of the sentence by the same punctuation mark. We find the first clause of the sentence equivalent in meaning to the first clause of the one repealed. The intervening words are wanting and must be supplied to give a meaning to the sentence. It is much more probable that these were left out by mistake, or with intent to use in their place some equivalent expression, itself omitted, than that words were left out which would entirely change the law as it existed. The word "or" placed before the expression "for twenty years" would give to the act of 1874 the same effect as that of the act of 1871. This little participle may have been omitted through oversight of the Legislature; at least it is much more probable that that body should be careless in re-enacting a former act, than that it should omit words necessary to be used in amending an act, when its mind was specially directed to an important change in the laws and policy of the State. That it still continued, after the passage of the act of 1874, to be the policy of legislation to limit corporate life to twenty years only in the event that no other term is provided in the charter, is clear from the provision to be found in the Revised Statutes, which allows them to exist for fifty years if so stated in their charters, but when no limit is thus prescribed confines their life to a period of twenty years. We think there is nothing in the act of 1874 that shows an intent to change the previous provisions of the act of 1871, allowing corporations to exist beyond the period of twenty years should they so state in their charters, and we therefore think there was no error in sustaining the demurrer to the plea in abatement, and the judgment is affirmed.

*Affirmed.*

Opinion delivered November 8, 1887,