

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 10, 1965

Mr. Jess M. Irwin, Jr.                     Opinion No. C-564
Executive Director
Texas Department of Mental          RE:  Whether the Texas Board
   Health and Mental Retardation        of Mental Health and
Box S, Capitol Station                       Mental Retardation is
Austin, Texas 78711                          authorized to dispose
                                             of land at the Abilene
                                             State School under the
                                             provisions of Article
Dear Mr. Irwin:                              3232c, V.C.S.

     In your letter of November 9, 1965, you requested an
Attorney General's Opinion with reference to the following
question:

     "May the new Texas Board of Mental Health
     and Mental Retardation under the procedures
     outlined in Senate Bill 133 (Art. 3232c, V.C.S.)
     . . . dispose of land at the Abilene State
     School and convey good and marketable title to
     such land?"

     As pointed out in your letter, Section 1 of said Article
3232c authorizes the Board of Texas State Hospitals and
Special Schools, which was abolished effective September 1,
1965, in its discretion to determine land in excess of the
needs of the operation of the Abilene State School and
thereafter sell same for cash, as follows:

     "The Board for Texas State Hospitals and
     Special Schools is hereby authorized in its
     discretion to determine land in excess of
     the needs of the operation of the Abilene
     State School and thereafter sell and convey
     for cash any land which it has determined is
     no longer needed for the proper operation of
     the Abilene State School."

     Sections 2 through 5 of said Article 3232c provide
respectively, in connection with any sale of excess land
of the Abilene State School, for certain notice to the
State Highway Department and Board of Control, advertis-
ing and receiving bids, certain reservations of royalty

-2721-

interests, and execution of deeds by "the chairman of the Board for Texas State Hospitals and Special Schools or a member of the central office staff, authorized by an appropriate resolution of the Hospital Board."

The Mental Health and Mental Retardation Act (H.B. #3, ch. 67, Acts of the 59th Leg., R.S., 1965), which abolishes the Board for Texas State Hospitals and Special Schools and creates the Texas Board of Mental Health and Mental Retardation to "formulate the basic and general policies" for the Texas Department of Mental Health and Mental Retardation formed under the Act, became effective on September 1, 1965.

Said Act provides for election of a Chairman and appointment of a Commissioner by the Board and for appointment of two Deputy Commissioners by the duly appointed Commissioner. The responsibility for the effective administration of the programs and services of the Department is given to the Commissioner by Section 2.12(a) of the Act. Said Act further provides for a staff under the direction of the Commissioner and Deputy Commissioners.

Said Act does not provide for the repeal of said Article 3232c.

One of the stated purposes of said Act is ". . . to provide for the effective administration and coordination of mental health services at the State and local levels, and to provide, coordinate, develop, and improve services for the mentally retarded persons of this State . . . ."

Said Act contains no clear language specifically authorizing the sale and conveyance of excess land of the Abilene State School by the newly formed Texas Department of Mental Health and Mental Retardation, as is found in said Article 3232c, which has apparently raised a question in your mind regarding said Department's authority to make such sales and convey marketable title.

The following rule has been long established in this State:

"When an old law is superseded by a new one, and the latter is vague and indefinite in any of its provisions, it is not improper to refer to the former to settle the meaning

of such provisions." S. D. Steadman v.
Merchants and Planters Bank of Sherman,
69 Tex. 50, 6 S.W. 675 (1887).

Nothing in the Mental Health and Mental Retardation
Act evidences any intent to change the provisions of
Article 3232c. On the contrary, Section 2.16(a) of
said Act provides in part as follows:

"All powers, duties, and functions . . .
relating to the administration of mental
health or mental retardation services,
previously vested in the Board for Texas
State Hospitals and Special Schools . . .
are transferred to the Texas Department
of Mental Health and Mental Retardation."

Similar language is also included in the caption to
the Act, as follows:

"An Act . . . transferring to the new
department certain powers, duties, functions,
property, records, and personnel of the . . .
Board for Texas State Hospitals and Special
Schools. . . ."

If said Act, by the aforementioned language of Section
2.16(a) does not expressly clothe the Texas Department of
Mental Health and Mental Retardation with the power pre-
viously given to the Board for Texas State Hospitals and
Special Schools by said Article 3232c to sell and convey
excess land of the Abilene State School, then clearly the
implication of such power is contained in the quoted lan-
guage of both Section 2.16(a) and the caption; and the
courts have held in this State that "that which is implied
in a statute is as much a part of it as what is expressed."
McCamey v. Hollister Oil Company, 241 S.W. 689 (1922),
aff. 274 S.W. 562 (1925).

Furthermore, by considering Section 2.16(b) of said
Act, which provides that "all land, buildings, facilities,
and property . . . used by the Board for Texas State
Hospitals and Special Schools . . . are transferred to
the Texas Department of Mental Health and Mental Retarda-
tion," and Section 2.17 of said Act which provides that
"the Department shall have exclusive management and control
of . . . the Abilene State School," the legislative intent
in enacting the Mental Health and Mental Retardation Act
appears to embrace a transfer of authority under said

Mr. Jess M. Irwin, Jr., page 4 (C-564)


Article 3232c to the Texas Department of Mental Health
and Mental Retardation. Texas courts have consistently
given effect to legislative intent and have held that,
in determining legislative intent, a court "should not
look alone to any one phrase, clause, or sentence of
the act, but to the entire act; and this includes cap-
tion, (and) the body of the act. . . ." Reed v. City
of Waco, 223 S.W.2d 247, (Tex.Civ.App., 1949, error ref.)

Therefore, the answer to your question is determined
not only from the express words of Sections 2.16(a) and
(b) and 2.17 and the other express provisions and caption
of the Mental Health and Mental Retardation Act but also
(1) from what is implied therein, and (2) by reference
to the powers of the former Board for Texas State Hospi-
tals and Special Schools under said Article 3232c.

It follows that the newly created Texas Board of
Mental Health and Mental Retardation may sell and convey
for cash excess land of the Abilene State School under
the provisions of Article 3232c and, with reference to
such sales, authorize by appropriate resolution the exe-
cution of deeds to such land by the Commissioner in ac-
cordance with the authority therein granted to the
abolished Board for Texas State Hospitals and Special
Schools, which authority has been transferred to said
Texas Department of Mental Health and Mental Retardation
by virtue of the Mental Health and Mental Retardation
Act.

SUMMARY

The Board of Mental Health and Mental
Retardation created by the Mental
Health and Mental Retardation Act (H.B.
#3, ch. 67, Acts of the 59th Leg., R.S.
1965) is authorized under and by virtue
of said Act in its discretion to deter-
mine land in excess of the needs of the
operation of the Abilene State School
and thereafter sell and convey for cash
any land which it has determined is no
longer needed for the proper operation
of the Abilene State School and, with
reference to such sales, to authorize
by appropriate resolution the execution
of deeds to such land by the Commissioner
in accordance with all of the provisions
for sale of such land contained in Article
3232c (V.C.S.).

-2724-

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _____
C. Daniel Jones, Jr.
Assistant Attorney General

CDJjr/vmo

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Milton Richardson
David Longoria
Malcolm Quick
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright