INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V. CAYETANO GARCIA.

Decided February 18, 1909.

**1.—Negligence—Pleading—Variance.**

Evidence of negligence by a section foreman (getting foot caught in wheel and being drawn under car) causing the derailment of a hand car and injury to a section hand, considered and held, to support the substance of the allegations of the petition, to present no variance, and to justify submission of the issue and refusal of a peremptory charge for defendant.

**2.—Charge—Omission.**

Failure of the charge to present all the defenses does not present reversible error in the absence of a requested instruction supplying such omission.

**3.—Negligence—Evidence.**

It is for the jury to draw the inference of negligence from the facts proven. It is neither necessary nor proper that witnesses testify that the act was negligent.

**4.—Negligence—Definition.**

On the issue of negligence of a section foreman the care required was properly defined as "that which a person of ordinary prudence would exercise under the same or similar circumstances." No less degree was required of a foreman.

**5.—Briefs—Assignments—Propositions.**

An assignment of error cannot be treated as a proposition where it is too general to constitute one.

**6.—Master and Servant—Assumed Risk—Pleading.**

The defense that the risk of negligence by a foreman was assumed by a section hand because of his knowledge of previous similar acts of negligence, must be pleaded by defendant in order to raise such issue.

**7.—Negligence—Acting to Avert Peril.**

Evidence considered and held not to raise the issue nor justify a charge on excusing the negligent act of a section foreman as done to avert peril.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*N. A. Stedman* and *Jno. M. King,* of counsel), for appellant.—When plaintiff accepted service with defendant as a section hand he assumed all risk of injury ordinarily incident to the employment in which he engaged, including the risk of being injured by inevitable accident, or from derailment of the car not caused by the negligence or want of ordinary care of the defendant or its agents or servants in charge of the car, and also assumed the risk of injury from the acts or practices of the defendant or its agents, or its manner of conducting its business, which were

known to him before the happening of the acts complained of. Texas Portland C. Co. v. Poe, 32 Texas Civ. App., 469; San Antonio & A. P. Ry. Co. v. Waller, 27 Texas Civ. App., 44; Ft. Worth & D. C. Ry. Co. v. Gilstrap, 25 Texas Civ. App., 304; Webb v. Railway Co., 27 Texas Civ. App., 75; International & G. N. Ry. Co. v. Story, 26 Texas Civ. App., 23; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; Bonnet v. Railway Co., 89 Texas, 72; Railway Co. v. Bradford, 66 Texas, 732; Railway Co. v. Drew, 59 Texas, 10; Railway Co. v. Lempe, 59 Texas, 19; Williams v. Railway Co., 116 N. Y., 628; Lovejoy v. Railway Co., 125 Mass., 79; Quill v. H. & T. C. Ry. Co., 93 Texas, 616; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 700; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. G., H. & S. A. Ry. Co., 89 Texas, 75.

*B. G. Neighbors* and *Will G. Barber,* for appellee.

HODGES, ASSOCIATE JUSTICE.—The appellee was a section hand in the employ of the appellant company. On the 13th day of June, 1906, he was injured by the derailment of a handcar upon which he and other employes were at the time riding. The accident was caused by the section foreman falling from his seat on the front end of the car, across the track, and throwing the car off. It is charged that the section foreman was negligent in permitting his feet to become entangled or caught by the wheel of the car, thereby causing his body to be jerked or thrown in front of the car and run over by the wheels. A trial before a jury resulted in a verdict for the appellee for $1,000.

Appellant insists that there was a fatal variance between the allegations and the proof as to the acts of negligence relied on. That portion of the petition which undertakes to state the cause of action is as follows: "The section foreman was seated upon said car, with his feet and legs hanging from off and in front of the car; and while in this position the said foreman carelessly, recklessly and negligently slided his feet and legs in front of the wheels of said car so being propelled by plaintiff and other section hands, and while said car was in motion, in such a manner that his feet and legs became entangled and were caught under and by the wheels of said car belonging to defendant, and thereby caused said car to be derailed from off the track and throwing plaintiff violently upon the ground in such a manner and with so great force as to seriously and permanently injure him," etc. The plaintiff in the case testified that he was standing near the center of the car and immediately behind Little, the foreman. Little was at the time of the derailment trying to kick dirt off the track with his foot, and had been in that position for some time. The cause of the derailment was occasioned by Little's foot being caught in the wheels. The car passed over Little's body and was derailed thereby, and as the result of the derailment the plaintiff fell to the ground.

Rodriguez, another witness, testified that as they ran down to the place where they were thrown from the track he saw a small rock on the rail; that there were three rocks about the size of an egg. He

did not remember how far he was away from them when he first saw them—probably about six steps. As they approached these rocks Mr. Little tried to remove them with his foot by kicking at them. At the time he kicked witness thought the wheel caught his pants; he saw that. The car was not going very fast. On cross-examination, in speaking of the rocks, he stated "they were about the size of a hen egg. He thought the boss knocked all three of them off, and thought that it was about the time he knocked them off that his pants were caught in the wheels. He saw the boss when he started to kick them off; didn't know how far off he was from them when he began hanging his feet; the boss was in the habit of doing that." Little, the foreman, in speaking of how the accident occurred, says that they were going at the time at about from six to ten miles an hour. The position he took on the front end of the car was one usually taken by a foreman. He was looking ahead for obstructions, and saw a small rock on the track ahead of them as large as a hen's egg, or larger. They had approached to within fifteen or eighteen feet of it when he saw it. He did not think it would have been possible to stop the car in that space, running at the rate of speed they were. They were probably about twenty feet from it when he saw the rock. He kicked at the rock to get it off the rail, and was not quick enough, or something, and lost his balance and fell off. The handcar ran over him and went about sixty feet beyond. He had frequently kicked at rocks before.

There is no material variance between the pleadings and this evidence. The gist of the allegations was that the foreman negligently permitted his feet and legs to be caught by the wheel, and his body jerked in front of the car, thus causing the derailment and the alleged injury to the appellee. It was only necessary that the substance of the issue be proven. Hicks v. Galveston, H. & S. A. Ry. Co., 96 Texas, 355.

The proposition under the second and third assignments of error attacks the charge of the court in failing to state all the defenses relied on by the appellant, contending that inevitable accident was one of the defenses pleaded as the cause of the derailment of the car. We do not so construe the pleadings. Neither do we think the charge subject to the criticism urged. If the court had omitted a material portion of the pleadings of the appellant in the statement of its defenses, this would not of itself have been an affirmative error; and in the absence of a refusal to give a special charge covering the omission, there was no ground for complaint. A court is not required to state any more of the pleadings of the parties than he deems necessary; and if there should be an omission, the party complaining should request a special charge before he will be heard to urge this omission on appeal as a ground for reversal. Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 66.

As to the fourth assignment, we deem it only necessary to say that in our opinion there was sufficient evidence of negligence on the part of the foreman to authorize the court to submit that issue to the jury. It was not essential to proof of negligence that some witness should have testified that the acts done by the foreman were careless

or negligent. Such evidence, if offered, would not have been admissible. It was for the jury to say whether the foreman's conduct in undertaking to kick the rocks from the rail in front of the car at the time and under the circumstances then existing, was prudent and free from negligence. This also disposes of assignments Nos. ten and twelve.

We think the court submitted the proper test in telling the jury that "negligence was the failure to exercise that degree of care and caution which a person of ordinary prudence would exercise under the same or similar circumstances," and properly refused the charge requested by the appellant giving as the test what an ordinarily prudent foreman would have done under the circumstances. We know of no rule that permits the exercise of less care on the part of a section foreman in order to escape the charge of negligence, than is exacted of others similarly situated.

Assignments Nos. seven, eight and nine are too general to be considered as propositions within themselves, and are not followed by any distinct propositions as required by the rules. Simply labeling an assignment a proposition does not make it one.

The thirteenth assignment is based on the refusal of the court to give a peremptory instruction to find for the defendant below upon the assumption that the acts of the foreman were not the proximate cause of the injury. The charge was properly refused.

Special charge No. six requested and refused submits a defense not pleaded as one of the risks assumed by appellee. The charge seeks to exonerate the appellant from liability upon the ground that the appellee assumed the risk of injuries from the acts and practices of the appellant and its agents which were known to him "before the happening of the acts" complained of. No such defense as this was pleaded. It was alleged by the appellant that the appellee assumed the risk or danger of the car's being derailed by someone falling from the car by accident and through no want of ordinary prudence. But that issue is not presented in the requested charge. The assumption by the servant of the risk of being injured from a danger caused by the negligence of the master or his representative, or that arising from a faulty system of doing business, is a special defense and must be pleaded in order to be made available. While in some instances the assumption of a particular risk, or danger, may be urged as a defense under a general plea charging that the plaintiff in the case assumed the risks of the dangers from which his injuries resulted, yet when the particular risk is specified this defense is restricted to those alleged. In this case there is no general plea of assumed risk, nor is the particular risk here sought to have been brought to the attention of the jury mentioned in the pleadings of the defense. Besides, the charge does not announce a correct proposition of law. In Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619, our Supreme Court says: "When the cause of the injury is the direct act of the master, or his representative, it can not be said that the servant's remaining in the employment is the proximate cause of the injury, even though the servant may have known that the master or his representative had frequently done the same or similar acts which imperiled his safety;

for the act which in such case causes the injury is the wrongful act of the master or of his representative, the result of the exercise of the will of the one or the other, and hence the proximate cause of the effect, from which the master ought not to be permitted to go free from liability on the ground that the servant knew he had, before the happening of the injury, done acts such as that from which the injury resulted, but still remained in his service."

Special charge No. seven requests the court to submit an issue not raised by the evidence. There was no testimony that the foreman thought that the rocks at which he claims to have kicked would derail the car, or that he did so to avert a peril. This special charge is also erroneous in assuming to tell the jury as a matter of law that if he attempted to remove the obstruction under those conditions his act was not negligent.

The remaining assignments are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.