KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. BARNHART.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 24, 1912. Rehearing Denied March 30, 1912.)

1. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In a railway brakeman's action for injuries against his employer, it was error to charge that, on entering the employment of the company, he might assume that there were no obstructions so near the track as to endanger him in the performance of his duties, where there was some evidence that he had actual knowledge of the obstruction by which he was injured.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 281*)—LIABILITY FOR INJURIES — OBSTRUCTIONS NEAR RAILWAY TRACK.

Although a railway company cannot relieve itself from liability for injuries to its employés from obstructions near the track by a general notice that there are numerous obstructions located along the track, the fact that an employé, in his application, acknowledges receiving such general notice is evidence of actual knowledge of such obstructions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

A refusal to charge as to contributory negligence is not error, where defendant has not pleaded contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

It is an invasion of the province of the jury to instruct that they must consider the evidence bearing on an issue in its entirety, since it is for the jury to determine whether particular testimony should be disregarded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Nolan County; Jas. L. Shepherd, Judge.

Action by David Barnhart against the Kansas City, Mexico & Orient Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

H. S. Garrett, of Sweetwater, Blanks, Collins & Jackson, of San Angelo, and H. G. McConnell, of Haskell, for appellant. Woodruff & Woodruff, of Sweetwater, Hardwicke & Hardwicke, of Abilene, and Theodore Mack, of Ft. Worth, for appellee.

SPEER, J. Appellee, an employé of appellant, received an injury while in the service of that company, and by this suit, instituted in the district court of Nolan county, recovered a judgment in the sum of $8,000, from which the defendant has appealed.

[1, 2] The assignment complaining that the court erred in refusing appellant's first application for a continuance is not considered, since the judgment must be reversed and the cause remanded for an error in the charge. That part of the charge referred to is as follows: "Plaintiff in entering upon employment of defendant, had the right to assume that the track of defendant company was free from obstructions so near the track as would endanger him in discharging his duties as such employé; and under the law plaintiff was not required to make any investigation or examination of said track to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

see that the track was safe and free from obstructions along and near thereto, if there was such obstruction." The paragraph states a correct proposition of law generally, when applied to the relation of master and servant, but one which is wholly inapplicable to the present case and, in view of the evidence, positively misleading. It is not a question in this case of what assumptions an employé may entertain upon entering the service of his employer, but rather, what knowledge did the servant have of the existence of the obstruction or defect at the time he exposed himself and received the injury? Appellee was a brakeman in appellant's service, and was injured in an attempt to descend a ladder on the side of a box car, whereby he came in contact with a standpipe too near the company's track, resulting in throwing him under the car and mangling his arm in such manner as to necessitate its amputation. On entering the employment of the company, he signed an application containing the following stipulation: "I hereby acknowledge that I have been notified that there are numerous bridges, buildings, tunnels, viaducts, stock yards chutes, platforms and coal chutes, and other obstructions now located, and others may be constructed from time to time, which will endanger my life and limb and I accept notice from said railroad company that few, if any, of the aforesaid buildings or obstructions will clear a man riding on top or side of the car, and that I am to use constant care for my safety in working about same." He also testified that he had seen the standpipe in pulling by the same. This undoubtedly constituted some evidence of actual notice to appellee of the obstructions which caused his injury; and it was therefore inapplicable and misleading to charge that he might assume that no such obstruction existed. We are not to be understood as holding that a railroad company may, by a general notice at the time of employing a servant, relieve itself of the duties with respect to furnishing tools, appliances, and places to work, etc.; for, in determining the questions of assumed risk and contributory negligence, the inquiry always is, Did the injured employé know, or ought he to have known, at the time of the defect and consequent danger? and upon this issue such a notice may be, and we think is, pertinent, having more or less evidentiary force, according to whether it is general or specific in terms. But in the present case the defensive issues are supported by the further evidence from the appellee that he had seen such obstruction. After admitting in evidence the application containing the language above quoted, the court instructed the jury that the same was void and could be considered for no purpose, except in so far as the same might show or tend to show, if it did, that plaintiff knew of the danger arising from the proximity of the standpipe. This is possibly subject to appellant's criticism that the charge is misleading and minimizes even the effect which the court indicated the jury might give to the evidence; that is, by saying that the instrument was void, the jury might be misled into the belief it could be considered for no purpose, notwithstanding the contrary instruction in the latter part of the charge. This, however, is a mere verbal criticism, and can be easily eliminated on another trial.

[3] The trial court gave no charge on contributory negligence, and refused the special charge of appellant presenting such defense. No error was committed in this respect, since the special charge presented an issue of contributory negligence not pleaded by appellant.

[4] The following is the charge on the burden of proof: "You are further charged that the burden is upon the defendant to show its defense of assumed risk by a preponderance of the evidence, no matter by which side adduced, to be considered in its entirety." It is evident the trial court sought to avoid excluding from the consideration of the jury any evidence bearing upon this issue, whether offered by defendant or the plaintiff; yet in doing so he has committed a similar error by commanding them to consider the evidence in its entirety. It is as much an invasion of the province of the jury to compel them to consider all the evidence as it is to deprive them of the right to consider some of it. Whether the jury will consider particular evidence as having evidentiary force is a matter for such jurors to determine. A jury would be at liberty, of course, to disregard the evidence of a witness if, by reason of interest or otherwise, they considered such testimony incredible

Reversed and remanded.