### KANSAS CITY, M. & O. RY. CO. OF TEXAS v. HALL.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 23, 1912.)

1. MASTER AND SERVANT (§ 262*)—ACTIONS FOR INJURIES—PLEADING—ASSUMPTION OF RISK.

An employer sued for personal injuries, wishing to rely on the defense of assumption of risk, must plead such defense.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 855–859; Dec. Dig. § 262.*]

2. EVIDENCE (§ 150*)—ADMISSIBILITY—EXPERIMENTS.

In a railway brakeman's action for injuries, it was claimed that he was negligent while spotting cars on a spur track in failing to signal the engineer to stop when a car was opposite

a coal chute. He testified that the accident happened on a dark night when it was misting rain, and that even with his lantern he was unable to see the chute. Defendant called witnesses to testify that they stationed themselves on a car similar to the one on which the brakeman was riding, that they used a lantern substantially the same as his, that the experiment was made about 10 o'clock at night, that there were no street lights nor moon, that the night was darker than the ordinary night and by reason of the sand blowing objects were more difficult to distinguish than on an ordinary night, and that they could see the coal bins, the divisions between them, and tell which were loaded and which were empty. *Held*, that this testimony was improperly excluded although the atmospheric conditions were not identical; it being necessary to render the results of such experiments admissible only that the conditions and circumstances should be substantially similar.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 439; Dec. Dig. § 150.*]

3. EVIDENCE (§ 143*)—ADMISSIBILITY—OBVIOUS TRUTH.

The exclusion of testimony that a railway engineer, who did not obey the signals of the brakeman, was unsafe to work with in spotting cars, was not error; it being so obviously true that no proof of the fact was necessary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 424, 426–428; Dec. Dig. § 143.*]

4. TRIAL (§ 242*)—INSTRUCTIONS—MISLEADING AND CONFUSING INSTRUCTIONS.

In a railway brakeman's action for injuries, instructions that an employé of a railroad company assumes such risks as are ordinarily incident to the service he engages to perform and such other as he knows of or must necessarily know of in the ordinary discharge of the duties of the service, but risks arising from negligence of the company's employés or servants that are chargeable to it are not assumed unless the employé knows of them or must necessarily know of them in the ordinary discharge of his duties, or unless a person of ordinary care, knowing such defects or danger, if any, would continue in the service of the employer, and until then he has the right to assume that risks arising from such negligence do not exist, and that in determining whether plaintiff did or did not assume the risk, if any, attending work on a coal chute, the jury are instructed that if the alleged injury was the result of defendant's negligence, and plaintiff had no knowledge of the danger or risk arising to him until he was injured, and if he would not necessarily have known thereof in the ordinary discharge of the duties of the service, the defense of assumed risk would not prevail, nor will plaintiff have assumed such risk, if any, if a person of ordinary care would have continued in such service with the knowledge of the defects and danger, if any such there was, are improper because confusing and likely to mislead the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

5. MASTER AND SERVANT (§ 289*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

A railway brakeman helping to spot cars on an elevated spur track failed to signal the engineer to stop when the car was at the place intended. The car was pushed to the end of the spur track, where the trucks were stopped by a bumper; but the impact was sufficient to break the body or bed of the car from the trucks and cause it to tilt forward and hang over the end of the track throwing and injuring plaintiff. *Held*, that the submission, as a controverted issue, of the question whether the brakeman's failure to give the signal to stop contributed to

his injuries, was improper; it being self-evident that it did so contribute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

6. TRIAL (§ 234*)—INSTRUCTIONS—DIRECTION TO CONSIDER EVIDENCE IN ITS ENTIRETY.

An instruction that the burden was on defendant to prove contributory negligence and assumed risk by a preponderance of the evidence, "to be considered in its entirety no matter by which side adduced," was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.*]

7. MASTER AND SERVANT (§ 228*)—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

In a railway brakeman's action for injuries, instructions making contributory negligence a complete bar to a recovery were properly refused; contributory negligence under both the federal and state employer's liability acts merely diminishing the amount of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

Appeal from District Court, Nolan County; Jos. L. Shepherd, Judge.

Action by John Hall against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The instructions covered by the eleventh and twelfth assignments of error mentioned in the opinion were as follows:

"An employé of a railroad company is held in law to assume such risks as are ordinarily incident to the service he engages to perform and such other as he knows of, or must necessarily know of in the ordinary discharge of the duties of his service; but risks arising from negligence of the company's servants or employés that are chargeable to it are not assumed by the employé unless he knows of them or must necessarily know of them in the ordinary discharge of his duties as a servant, or unless a person of ordinary care knowing such defects or danger, if any, would then continue in the service of the employer, and until then he has the right to assume that risks arising from such negligence do not exist.

"In determining the issue as to whether plaintiff did or did not assume the risk, if any, attending work on the coal chute, you are instructed that, if plaintiff's alleged injury was the result of defendant's negligence, then if plaintiff had no knowledge of the danger or risk arising to him until he was injured, and if he would not necessarily have known thereof in the ordinary discharge of the duties of his service, then the defense of assumed risk would not prevail, nor will plaintiff have assumed such risk, if any, if a person of ordinary care would have continued in such service with the knowledge of the defects and danger, if you find there was such defect and danger."

The instruction on the burden of proof mentioned in the opinion was as follows: "The burden is upon the defendant to prove by preponderance of the evidence (to be considered in its entirety, no matter by which side adduced) the facts necessary to show contributory negligence, and a like burden is upon the defendant to show its defense of assumed risk."

H. S. Garrett and Blanks, Collins & Jackson, all of San Angelo, and H. G. McConnell, of Haskell, for appellant. Hardwicke & Hardwicke, of Abilene, Woodruff & Woodruff, of Sweetwater, and Theodore Mack, of Ft. Worth, for appellee.

DUNKLIN, J. On the 13th of April, 1909, A. J. Hall, while in the employment of the Kansas City, Mexico &. Orient Railway Company of Texas as brakeman on a freight train, sustained personal injuries in the town of Benjamin, Tex. He instituted this suit against the company for damages resulting from his injuries, and from a judgment in his favor the defendant has appealed.

The accident resulting in the injuries occurred in the following manner: Defendant had erected a coal chute near its main line of railway the approach to which was an elevated spur track on an inclined plane supported by a trestle. A coal bin was erected adjacent to this spur track into which coal was shoveled from cars standing on the spur track after they had been pushed up to a point opposite the bin. At the end of this spur track, which extended beyond the bin, there was what is known as a "bumper," consisting of an upright obstruction to prevent cars from rolling off the end of the track to the ground below. On the occasion of the accident the train crew of which plaintiff was a member attached the engine, which they were engaged in operating, to a car of coal and pushed it up the spur track intending to stop or "spot" it opposite the bin in order that the coal might be shoveled therefrom into the bin. It was during the night, and plaintiff, Hall, stationed himself upon the car of coal for the purpose of signaling the engineer to stop when the car reached a point opposite the bin. He failed to do this, and the car was pushed beyond the bin to the end of the spur track. The bumper served to stop the trucks of the car, but the impact with it was sufficient to break the body or bed of the car from its fastenings to the trucks and cause it to tilt forward and partially hang over the end of the spur track. By reason of this tilt of the car plaintiff was thrown to the ground below and injured.

In his petition plaintiff alleged that defendant was negligent in failing to construct a bumper at the end of the track sufficient to stop the body of the car as well as the trucks; that the night was dark, the chute was not provided with any light, and defendant was guilty of negligence in failing to furnish such a light; that the engineer in charge of the engine was guilty of negli-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

gence in so shoving the car as to cause the results already stated, and the negligence so alleged was assigned as the proximate cause of the injury.

In the charge given the court submitted as a defense the issue of assumed risk in accordance with provisions of the employer's liability statute of the state enacted in 1905 (Acts Legislature 1905, p. 386, Rev. Statutes 1911, art. 6645), providing that, in a suit against a railroad to recover damages for personal injuries to or death of one of its employés, the plea of assumed risk of such employé, where the ground of the plea is knowledge or means of knowledge of the defect or danger which caused the injury or death, shall not be available where a person of ordinary care would have continued in the service with the knowledge of the defect or danger.

In his petition plaintiff alleged that he was employed in the operation of defendant's freight trains running between Sweetwater and Benjamin and from Benjamin "to other points north of said Benjamin"; but he did not allege that he was employed to assist in operating trains running into Altus, Okl. In his testimony, however, given upon direct examination by his counsel, plaintiff stated that he was employed by defendant as a brakeman on trains running between the towns of Sweetwater, Tex., and Altus, Okl., and at the time of his injury he was en route from Sweetwater to Altus, on such a train.

By the first section of the Federal Employer's Liability Act, enacted April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]; Fed. Stat. Supp. 1909, p. 585), a cause of action is given an employé of a railroad company while engaged in interstate commerce for personal injuries sustained by such employé as the result of the negligence of such employer. Sections 3 and 4 of that act are as follows:

"Sec. 3. That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employé, or where such injuries have resulted in his death, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé; provided, that no such employé who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé.

"Sec. 4. That in any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employés, such employé shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé."

None of the acts of negligence alleged in plaintiff's petition constituted a violation of the Federal Safety Appliance Act of March 2, 1893, c. 196, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174) (see 6 Fed. Stat. Anno. p. 752), nor of the act passed May 30, 1908 (Act May 30, 1908, c. 225, 35 Stat. 476 [U. S. Comp. St. Supp. 1911, p. 1326]; Fed. Stat. Supp. 1909, p. 588), nor of any other federal act upon the same subject. Thus it will be seen that the defense of assumed risks available if the federal statute is controlling is much broader in its scope than the same defense would be if the state employer's liability statute is to be given effect.

[1] Appellant insists that, as plaintiff in the development of his case proved that he was engaged in interstate commerce, the federal statute should have been given effect; that under that statute the evidence showed without controversy a defense of assumed risk which would bar a recovery, and therefore the court erred in overruling appellant's motion for a new trial. In order to invoke such defense, it was necessary for appellant to plead it. That appellant's answer contains a plea of assumed risk is doubtful. While it contains allegations that plaintiff was familiar with the construction and location of the coal bin and the spur track leading thereto, it contains no allegation that plaintiff knew the risks incident to the undertaking in which he was engaged at the time of the accident. Indeed, the epitome of its pleadings submitted in appellant's brief does not include the defense of assumed risks. Certain it is that, if such defense was pleaded, it was pleaded in general terms only with no suggestion of the fact that plaintiff was engaged in a service connected with interstate commerce.

As the judgment will be reversed for errors hereinafter indicated, thus giving a new trial, and as the pleadings and proof may not be the same upon another trial, it will be unnecessary for us to determine whether or not the provisions of the Federal Employer's Liability Statute were applicable under the pleadings and proof noted.

[2] According to the testimony of plaintiff, the accident happened on a dark night when it was misting rain, and even with the lantern he carried he was unable to see the coal chute when the car of coal approached the same, and this was the reason he did not signal the engineer to stop the engine when the car reached a position opposite the bin. This testimony tended to refute the defendant's plea that plaintiff was guilty of negligence contributing to the injury in failing to spot the car and in permitting it to be pushed to the end of the

·track without signaling the engineer to stop it, as it was his duty to do; the engineer being governed entirely by signals to be given him by the plaintiff and relying upon the plaintiff to signal when the car should be stopped. Pertinent to this issue, defendant offered to prove by H. E. Letson, Mr. Hughey, and Mr. Ward that they had made experiments to determine whether or not a person situated as plaintiff was situated at the time of the accident could under similar circumstances see the coal chute. This testimony was upon plaintiff's objections excluded, and those rulings have been assigned as error. The basis of the objections urged was that the conditions under which the experiments were made were not shown to be similar to those under which the accident happened. According to the testimony offered, the witnesses used a lantern substantially the same as was used by the plaintiff, on the occasion of the accident. They stationed themselves on a car similar to the one upon which plaintiff was riding standing on the trestle opposite the coal chute; the experiment was made about 10 o'clock at night; there were no street lights of any kind near the coal chute; the night was darker than the ordinary night; there was no moon; and by reason of the sand blowing objects were more difficult to distinguish than upon an ordinary night. According to their testimony, the lantern was held in various positions, and the witnesses could see the coal bins, the divisions between them, and could tell which of the bins were loaded with coal and which were empty. While the atmospheric conditions on the night the experiments were made are not shown to have been the same as on the night of the accident, in that it was not misting rain, we think the conditions were so nearly the same as to make the testimony admissible. It could not be expected that the conditions were in every respect identical in order to make the testimony of such experiments admissible, and the rule does not require such a showing; the only requirement being that the conditions and circumstances accompanying the experiment should be substantially similar. Appellant's sixth, seventh, and eighth assignments are therefore sustained. 5 Encyc. of Evidence, 484, 485, and decisions there cited.

[3] There was no error in the court's refusal to permit J. W. Owens, witness for the defendant, to testify that the engineer who did not obey the signals of a brakeman was unsafe to work with in spotting cars. So far as the testimony could bear upon the accident in question, the proposition is so obviously true that no proof of the fact was necessary.

As the testimony, the admission of which is made the basis of appellant's tenth assignment of error, was afterwards withdrawn from the consideration of the jury, and in view of· the reversal of the judgment upon other grounds, it will be unnecessary to discuss this assignment.

[4, 5] Even under the state statute determining the liability of a common carrier to its employés for personal injury, the instruction given upon the issue of assumed risk and shown in appellant's eleventh and twelfth assignments were somewhat confusing and likely to mislead the jury. In the instruction shown in the thirteenth assignment of error upon the issue of contributory negligence, the question of whether or not the plaintiff's failure to stop the car at the bin by giving proper signals to the engineer contributed to his injuries was submitted as a controverted issue which should not have been done as it is self-evident that it did so contribute. Parks v. S. A. Tract. Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100, and decisions there cited.

We have grave doubt of the sufficiency of the evidence to raise the issue of negligence of the engineer in failing to stop the engine in time to avoid the accident independent of signals from the plaintiff. This issue of negligence was submitted in the instruction of which complaint is made in the fourteenth and fifteenth assignments of error, which will not be discussed further, as the evidence may not be the same on another trial.

[6] The instruction upon the burden of proof was substantially the same as that given in K. C., M. & O. Ry. Co. v. Barnhart, 145 S. W. 1049, condemned by this court, and for the reasons given in that opinion we think it was erroneous.

We cannot agree with appellant's proposition submitted under the seventeenth assignment of error, in effect, that statements made by the witness Bishop to the witness Wright were res gestæ of the transaction resulting in the accident, as the circumstances pointed out under which the same were made are not sufficient to bring such statements within that rule.

[7] Several requested instructions were presented by the appellant upon the issue of contributory negligence, the refusal of which have been assigned as error. By both the federal and state Employer's Liability Acts contributory negligence of the plaintiff is not made a bar to a recovery; the effect of such negligence at most being merely to diminish the damages for the injuries resulting. The effect of all the requested instructions was to make the contributory negligence of the plaintiff a complete bar to a recovery, and hence they were erroneous under either of the statutes mentioned.

The argument of the plaintiff's counsel to which error has been assigned, and to which exception was taken, and which is made the basis of the twenty-sixth assignment of error, will not likely be made upon another trial. Hence the merits of that assignment will not be determined.

For the errors indicated, the judgment is reversed, and the cause remanded.