WARREN H. HOLLISTER ET AL. V. GEORGE B. MCCAMEY.

No. 3829.   Decided June 24, 1925.

(274 S. W., 562).

1.—Partnership—Joint Stock Company—Trust—Case Followed.

2.—Same Massachusetts Trust.

Where the stockholders in an unincorporated business enterprise retained powers over its management by trustees, to whom control in general was committed, such as authorizing increase in its capital and altering or amending the declaration of trust creating it and conferring control on the trustees, the latter were so subject to the control of the certificate holders as to render them, such stockholders, liable as partners, even under the rulings of the state of Massachusetts as to such trusts.   (Pp. 52, 53.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

McCamey sued the Hollister Oil Company, an unincorporated association, and Hollister and others, stockholders therein, on a debt of the company to him. He appealed from a judgment which denied recovery against the individual stockholders.  The judgment was reversed and rendered against them (241 S. W., 700) and they obtained writ of error.

*Walker & Baker, Ernest May,* and *Goree, Odell & Allen,* for plaintiffs in error.

It is the relinquishing of title and control which distinguishes the trust from the joint stock association or other form of partnership and when the principle is strictly followed there would seem to be no reason why it should not be extended to the trading or business trust.  The right to establish such a trust in property arises from the right of contract and from the right of one capable of making a contract to make such disposition of the legal title of his property as he pleases.  Implied recognition of their validity as trust estates was given by the Court of Civil Appeals for the Seventh District in 1920 in the case of Bingham v. Graham, 220 S. W., 105; and express recognition by the Court of Civil Appeals for the Fifth District in the same year in the case

of Davis v. Hudgins, 225 S. W., 73, and later by the Court of Civil Appeals for the Eighth District in the case of Cotton States Petroleum Co. v. Britton, 230 S. W., 742, and by this court in Houston Oil Co. v. Village Mills Co., 241 S. W., 122; Cox v. Hickman, 8 H. L. C., 268, 9 C. B., 47; Smith v. Anderson, 15 Ch. Div., 247-285. Massachusetts cases: Mayo v. Morris, 151 Mass., 481; Williams v. Milton, 215 Mass., 1. U. S. Sup. Ct.: Eliot v. Freeman, 220 U. S., 178; Crocker v. Malley, 249 U. S., 223.

The courts of Texas were among the first to recognize the right of a trustee to carry on a business enterprise as a strict trust as distinguished from a partnership, and the first case in which this was so recognized was that of Connally v. Lyons, 82 Texas, 664. Cases from other states: Wells-Stone Merc. Co. v. Grover, 75 N. W., 911; Home Lumb. Co. v. Hopkins, 107 Kan., 153; Rhode Island Hospital Trust Co. v. Copeland, 39 R. I., 193; Betts v. Hackathorn (Ark.), 252 S. W., 602.

The provisions for meetings of the shareholders of the Hollister Oil Company are contained in the five sections of Article XVII of the declaration of trust and the only authority which is granted to the shareholders at such meetings is contained in section five of that article as follows:

"This declaration of trust may be altered or amended at a regular annual meeting of the shareholders or at a special meeting called for that purpose, and same may be altered or amended by a majority of the shareholders present at such meeting."

Article VI, however, provides as follows:

"No amendment shall ever be made to this declaration of trust, increasing or enlarging the liability of either the trustees or the shareholders hereunder as herein stipulated."

It is submitted therefore that the instrument taken as a whole does not, as the Court of Civil Appeals states in its opinion, vest in the beneficiaries "the power to alter or amend the articles of association in any manner they might deem expedient." Howe v. Chmielinski, 130 N. E., 56 (Mass.); Re Associated Trust, 222 Fed., 1012; Wrightington's Unincorporated Associations, 58; Witherington v. Herring, 53 S. E., 303; Kelley v. Snow, 70 N. E., 94; Hussey v. Arnold, 70 N. E., 87; Davis v. Hudgins, 225 S. W., 73; Eliot v. Freeman, 220 U. S., 178.

*C. F. Stevens,* by permission of the court, also filed an argument, as *amicus curiae,* in support of the positions of appellant.

*Thompson, Barwise & Horton,* and *Arthur Collins,* for defendant in error.

Under legislative enactments and decisions of the appellate courts of the State of Texas, the declaration of trust of the Hollister Oil Company created of it a joint stock association. Sergeant v. Goldsmith Dry Goods Co., 110 Texas, 482; Wells v. Mackay Tel.-Cable Co., 239 S. W., 1001; Morehead v. Greenville Exchange National Bank, 243 S. W., 546; West Side Oil Co. v. McDoran, 244 S. W., 167; Nini v. Cravens & Cage Co., 253 S. W., 546; Webster & Sons v. Utopia Confectionery, 254 S. W., 123; Hardee v. Adams Oil Asso., 254 S. W., 602; Connellee v. Nees, 254 S. W. 625; Feldman v. American District Telegraph Co., 257 S. W., 929; Harvey Co., Ltd., v. Braden, 260 S. W., 655.

The declaration of trust under which the Hollister Oil Company was organized, which conferred on the members or shareholders thereof powers of control over the officers or trustees of said company, created a joint stock association, whether construed under the laws and decisions of the State of Texas or under the decisions of all of the appellate courts of the several states and of the Federal courts.

City of Austin v. Cahill, 99 Texas, 172; Bateman v. Ward, 93 S. W., 508; Central Trust Co. of N. Y. v. Gaffney, 142 N. Y. Supp., 902; Taylor v. Coriell, 66 N. J. Eq., 262, 57 Atl., 810; Ex Parte Lamb, 215 Pac., 109; In Re Johnson's Est., 100 Ore., 142; In Re Walkerley's Est., 41 Pac., 772; Sears' Trust Estates, Business Companies, 2d Ed., 365; Yeaman v. Galveston City Co., 106 Texas, 389; Perry on Trusts, Secs. 4, 8, 13; Dunn, Business Trusts, Sec. 43; Bispham's Principles of Equity, 10th Ed., Sec. 49; Rand v. Morse, 289 Fed., 339; Neville v. Gifford, 136 N. E., 161; Cunningham v. Bright, 117 N. E., 909; Nini v. Cravens & Cage Co., 258 S. W., 582; Williams v. Milton, 215 Mass., 1; Mayo v. Moritz, 151 Mass., 481; Hoadley v. Essex, 105 Mass., 519; Gleason v. McKay, 134 Mass., 419; Whitman v. Porter, 107 Mass., 522; Phillips v. Blatchford, 137 Mass., 510; Ricker v. American L. & T. Co., 140 Mass., 346; Williams v. Boston, 208 Mass., 197; Frost v. Thompson, 219 Mass., 360; Tyrrell v. Washburn, 88 Mass. (6 Allen), 466; Priestly v. Burrill, 230 Mass., 452; Dana v. Receiver General, 227 Mass., 562; Horgan v. Morgan, 124 N. E., 32; Howe v. Chmielinski, 190 N. E., 56; Neville v. Gifford, 136 N. E., 160; Simson v. Klipstein, 253 Fed., 823; Malley v. Howard, 281 Fed., 363; Morehead v. Greenville Exch. Natl. Bank, 243 S. W., 546; Am. Bar Assn. Journal, Dec., 1923, p. 763; Texas Law Review, Feb. 1923, p. 156; Yale Law Journal, Nov., 1922, p. 83.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The single question in this case is whether the shareholders in the Hollister Oil Company, including plaintiffs in error, became liable for a debt incurred under a drilling contract between defendant in error and the Hollister Oil Company.

Under an agreed statement of facts, the liability of the shareholders was made to depend on whether, as a matter of law, a certain writing, copied on pages 691 to 694 in Volume 241 of the Southwestern Reporter, under which the Oil Company was doing business, created a joint stock company or a common law trust, and, if it created the former, whether it made the shareholders in the company liable as partners for the company's debts.

The trial court held that the oil company was a common law trust and denied defendant in error a personal judgment against plaintiffs in error. The Fort Worth Court of Civil Appeals reversed the judgment of the District Court, and rendered judgment for defendant in error against plaintiffs in error as well as against the Hollister Oil Company. 241 S. W., 700.

The conclusions reached by the Court of Civil Appeals in an admirable opinion of Judge Dunklin are in harmony with our disposition today of similar questions in the case of Thompson v. Schmitt, 115 Texas, 53. Under the rules announced in that case, plaintiffs in error are liable as partners for debts of the Hollister Oil Company including the debt to defendant in error.

One ground of the decision of the Court of Civil Appeals, not involved in the case of Thompson v. Schmitt, was that the articles of association conferred such control on the shareholders over the company and its business as to prevent a decision that the articles of association created a trust under the refined rule which it would seem would be applied in Massachusetts. In this view, we also concur.

The vitally important power to increase the capital with which the business was to be done was dependent on express authorization of a majority of the stockholders. The trustees were empowered to do any act necessary or proper to effect the purposes specified either in the declaration of trust or in any amendments thereof, and the shareholders by majority vote, could alter or amend the declaration of trust. The trustees were therefore certainly subject to the control of the certificate holders, and under the decisions of the Supreme Judicial Court of Massachusetts the company would be regarded as partnership. Neville v. Gifford, 242 Mass., 127, 136 N. E., 160; Frost v. Thompson, 219 Mass., 365, 366, 106 N. E., 1009; Morehead v. Greenville Ex-

change National Bank, 243 S. W., 546; Feldman v. American Dist. Telegraph Co., 257 S. W., 930.

The argument for °plaintiffs in error reflects much zeal and marked ability. All the points presented are disposed of by the opinion in the Thompson v. Schmitt case.

The judgment of the Court of Civil Appeals is in all things affirmed.

*Affirmed.*