### GOLDEN v. WILDER.   (No. 11899.)

Court of Civil Appeals of Texas. Fort Worth. Jan. 14, 1928.

Rehearing Denied Feb. 11, 1928.

1. Clubs ⟪⟫11—Members of club associating themselves to construct telephone line were liable as partners for injuries resulting from negligence of their employees.

Where members of a luncheon club associated themselves together for purpose of building a telephone line as a commercial venture for profit, they were liable as partners for injuries resulting from negligence of their employees to same extent as if they had entered into ordinary partnership agreement.

2. Clubs ⟪⟫12—Members of club building telephone line being liable jointly and severally, judgment was recoverable against one member without necessity of suing others.

Where members of luncheon club associated themselves together to build a telephone line

for their mutual profit, they were liable jointly and severally as partners for injuries resulting from negligence of their employees; and hence in action for personal injury to lineman, judgment was recoverable against single member of association without necessity of other members thereof being sued.

3. Trial ⟪⟫352(5)—Issue whether defendant was member of company was not error because assuming there was a telephone company, where defendant's testimony showed conclusively organization of telephone company.

In lineman's action for personal injury against member of luncheon club, which was building a telephone line, since defendant's testimony showed conclusively organization of a telephone company, submission of issue as to whether defendant was a member of such company was not error because issue was on weight of evidence in assuming there was a telephone company.

4. Trial ⟪⟫352(5)—Issue assuming that defendant's failure to provide sufficient crew was negligence without finding of jury to that effect held error.

In telephone lineman's action for personal injury, submission of issue as to whether defendant's negligence in failing to provide sufficient crew of men to do work assigned to plaintiff was proximate cause of injury without any finding of jury to such effect held error.

5. Appeal and error ⟪⟫1062(1)—Error in submitting issue whether failure to supply sufficient crew was proximate cause of injury held harmless, where jury found other negligence.

In telephone lineman's action for personal injury, error in special issue submitting whether defendant's negligence in failure to provide a sufficient crew to do work assigned to plaintiff was proximate cause of his injury, without requiring finding to that effect, was harmless, in view of jury's finding on other issues that defendant was negligent in causing automobile truck to be driven too fast and that such negligence was also proximate cause of injury.

6. Appeal and error ⟪⟫1050(1)—Admitting defendant's affidavit showing association applied for charter and defendant subscribed for practically entire capital stock held not prejudicial.

In telephone lineman's personal injury action against member of park association, which was constructing a telephone line, admitting defendant's affidavit, made three weeks after injury, showing association applied for charter and that defendant subscribed for practically entire capital stock, was not prejudicial, where its only effect was to show that defendant had theretofore been a member of the association, a fact which defendant admitted.

7. Appeal and error ⟪⟫173(13)—Defense of assumption of risk could not first be urged on appeal.

Where defendant in personal injury action did not plead that plaintiff assumed risk, nor was issue thereof passed on by jury or requested, defendant could not urge defense thereof for first time on appeal.

───────────────

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**8. Clubs ⬌11—Defendant as member of telephone association was liable as partner for tort committed by it acting through its agents.**

Where defendant became a member of an association designated as a telephone company, which was a business and not a charity, he thereby became liable as partner for any tort committed by the association acting through its duly authorized agents, even though the association was not a partnership in ordinary meaning thereof.

**9. Master and servant ⬌1—Relation of master and servant as between telephone lineman and association was created when association's agent hired lineman to work.**

Relation of master and servant was created as between telephone lineman and a park association organized to construct a telephone line for profit at time agent of association hired the lineman to perform services as such.

**10. Clubs ⬌11—Where agent of association hired laborers to construct telephone line, association was liable for agent's negligence.**

Where agent of association building telephone line for profit hired laborers and superintended work of construction of the telephone line, association was liable for negligence on agent's part in discharging such services.

**11. Clubs ⬌11—Members of association were liable individually for injury to lineman while constructing telephone line for association (Rev. St. 1925, arts. 6137, 6138).**

In view of Rev. St. 1925, arts. 6137, 6138, providing that judgment against association is binding on individual members served with citation and that individual members may be sued, members of association organized to construct telephone line were liable individually to lineman injured while constructing a telephone line for the association.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action by W. H. Wilder against Walter Golden and others. From a judgment for plaintiff against defendant Golden only, he appeals. Affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Bill Davenport, of Wichita Falls, for appellee.

DUNKLIN, J. Members of a luncheon club of Iowa Park associated themselves together for the purpose of building a telephone line from Iowa Park to Kemp City, a distance of some 30 miles. The money necessary to carry out the project was contributed by different citizens of Iowa Park, and with the money so raised they constructed the line, buying out a telephone line formerly owned by the Southern Oil Corporation. Walter R. Golden was one of the members of the association, and he was selected as active trustee for the purchase of the material and for the receiving and paying out of the funds raised to construct the line. The enterprise was undertaken for the purpose of affording telephonic communication with certain trade territory of the town of Iowa Park where the members of the association resided and did business.

Curtis Young was appointed by the association to hire laborers to do the work of constructing the telephone line, and Walter Golden paid the men for their services out of funds held by him as trustee of the association.

W. H. Wilder was employed by Young as a lineman to assist in stringing the telephone wires, and after working at that employment for some two months, he sustained an injury. On the occasion of his injury he was following a truck from which the wire was unrolled, holding one of the wires in each of his hands, and while so engaged one of his feet struck a snag in a gutter in which he was traveling in a trot, in consequence of which his foot was injured, and that injury also resulted in a swelling and soreness of his leg.

Wilder instituted this suit against Walter Golden, J. A. Kemp, Frank Kell, W. P. Ferguson, and Douglass Johnson to recover damages for the injury so sustained by him. Judgment was rendered in his favor against Walter Golden for the sum of $500 as damages, but judgment was also rendered in favor of the other defendants. The defendant Walter Golden has prosecuted this appeal.

Plaintiff's suit was based upon allegations of negligence in two particulars: (1) That the defendant's driver of the truck, from which the telephone wires were unreeled, drove the truck so rapidly that plaintiff was required to go in a trot in order to properly do his work; (2) in failing to employ a sufficient number of men to do the work. In connection with the latter ground of negligence, it was alleged that by reason of the scarcity of the linemen plaintiff was required to hold and keep in position a wire in each hand with his hands raised above his head. According to allegations in the petition, while thus holding the two wires his vision was necessarily fixed in an upward direction, on account of which he could not see the obstruction upon which he stumbled prior to reaching it. According to further allegations, if he had been required to hold only one wire he would have discovered the presence of the obstruction in time to have avoided striking it.

The trial was before a jury, who found that plaintiff was injured while employed by the defendant as a lineman, as alleged in his petition, and for such injury damages was assessed at $500.

The issues of negligence alleged in plaintiff's petition and in findings of the jury thereon were as follows:

"Special issue No. 4. Did the defendant or its agents fail to provide a sufficient crew of men to do the work assigned to plaintiff and the men working with him? A. Yes.

"Special issue No. 5. Was defendant or its agents guilty of negligence, as that term is hereinafter defined, in causing the truck to be driven too fast, if the same was driven too fast, at the time and place of the injury, if any? A. Yes.

"Special issue No. 6. If you have answered either of the issues Nos. 4 and 5 'yes,' then was such negligence, if any, the proximate cause of plaintiff's injury, if any? A. Yes."

[1, 2] Assignments of error present in different forms the contention that since, as shown in plaintiff's petition, his claim of liability of the defendants was upon allegations that they were members of the partnership firm of the Park Kemp Telephone Company, there could be no recovery against Walter Golden because, as contended by him on this appeal, the evidence failed to show such partnership. While it is true that the evidence does show that there was no formal agreement between the members to enter into a partnership as such, and while the evidence further showed that the defendant, Golden, never realized any money from the operation of the telephone line, yet the proof did show without controversy that appellant was one of the members of the association formed for the construction and operation of the telephone line, and that the enterprise was undertaken for the purpose of increasing trade patronage from the resident citizens of the territory covered by the telephone line. It thus appears that the project was a commercial venture for profit in the way of expected increase of trade, even though no profit should be realized from tolls over and above the cost of construction and maintenance. The members of the club having associated themselves together with that end in view and for that purpose, they were liable as partners for injuries resulting from the negligence of their employees to the same extent as if they had entered into an ordinary partnership agreement. If profits had been realized from such tolls, then in the absence of proof to the contrary the same would have belonged to the contributing members. At all events, the undertaking was by all the contributing members, who were therefore liable to plaintiff jointly and severally, independently of a question of partnership. 13 Corpus Juris, 241. Such liability was the basis of plaintiff's suit, and it was immaterial that the Park Kemp Telephone Company, which was the name of the association, was not an ordinary partnership arrangement. And since appellant's liability was several, judgment could be recovered against him without the necessity of suing other members of the association. McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721.

[3] The testimony, including that of appellant himself, shows conclusively the organization of the Park Kemp Telephone Company, and therefore there was no merit in the objection to the submission of the issue as to whether or not appellant was a member of that concern, on the ground that the issue in the form submitted was upon the weight of the evidence in assuming that there was such an organization.

[4, 5] While issue No. 4, copied above, relative to whether or not the defendant failed to provide a sufficient crew of men to do the work assigned to plaintiff and those working with him, was proper, yet, in assuming, in issue No. 6, that such failure would be negligence, without any finding of the jury to that effect, was erroneous. However, that error will not require a reversal of the judgment, since, as shown in special issues Nos. 5 and 6, the jury also found that the defendant was guilty of negligence in causing the truck to be driven too fast and that such negligence was also a proximate cause of plaintiff's injury.

[6] The testimony showed that the Park Kemp Telephone Company was engaged in the business for which it was organized for some two months prior to July 3, 1926, when plaintiff sustained his injury. Error has been assigned to the introduction of appellant's affidavit, made on July 24, 1926, showing that the members of the association had applied for a charter of incorporation of the enterprise, and that he (appellant) had subscribed for practically the entire capital stock of $5,000. That evidence could have no possible effect except as tending to show that appellant had theretofore been a member of the organization, and no reversible error was committed in admitting it, since the formation of the association and its purpose and operation was proved beyond controversy by appellant himself, who further testified that he was one of its members from its inception.

[7] Appellant did not plead that plaintiff assumed the risk of his injury, nor was that issue passed upon by the jury or requested by the appellant. Hence that defense, which is urged in this court for the first time, is overruled. I. & G. N. Ry. Co. v. Garcia, 54 Tex. Civ. App. 59, 117 S. W. 206 (writ of error denied); K. C. M. & O. Ry. Co. v. Hall (Tex. Civ. App.) 152 S. W. 445.

Accordingly, all assignments of error are overruled, and the judgment in favor of plaintiff against appellant is affirmed. The judgment in favor of the other defendants in the trial court, of which no complaint is made, is left undisturbed.

On Motion for Rehearing.

[8] Appellant insists that the evidence conclusively shows that he did not realize any profit from the enterprise for which the Park Kemp Telephone Company was organized, and that there was an absence of any proof to

show that he ever contributed thereto; and we find that the contention so made is borne out by the record. However, as pointed out in our original opinion, the testimony of appellant himself conclusively shows that he was one of the participants in the organization of the Park Kemp Telephone Company, and that he undertook to act as a trustee of the funds raised by the contributing members and pay out the same for liabilities incurred in the prosecution of the work. Under such circumstances, we do not believe it can be doubted that he became a member of the association designated as the Park Kemp Telephone Company, which was a business and not a charitable venture, and that he was liable as a partner for any tort committed by the association acting through its duly authorized agent, even though it be said that the association was not a partnership, in the ordinary meaning of that term. McCamey v. Hollister Oil Co. (Tex. Civ. App.) 241 S. W. 689, affirmed in 115 Tex. 49, 274 S. W. 562; Continental Supply Co. v. Adams (Tex. Civ. App.) 272 S. W. 325, 329 (writ of error denied).

[9, 10] When Curtis Young, the duly authorized agent of the association hired W. H. Wilder to perform services as a lineman and the plaintiff undertook to perform such services, clearly the relation of master and servant as between Wilder and the association was created; and the association would be liable for any negligence of the master acting through its agent to the same extent and under the same conditions as of any other master. At all events, Curtis Young, who hired the laborers and who superintended the work of constructing the telephone line, was the agent of the association, and the association would be liable for any negligence on his part in discharging those services under the doctrine of principal and agent. In 13 Corpus Juris, p. 244, the following is said:

"Contracts implied in law, or more properly quasi or constructive contracts are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action ex contractu. They rest solely on a legal fiction, and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in the case of true contracts, but from the law or natural equity. So, when the party to be bound is under a legal obligation to perform the duty from which his promise is inferred, the law may infer a promise even as against his intention."

The following is taken from 5 Corpus Juris, pp. 1363 and 1364, pars. 97 and 99:.

"97. An unincorporated association organized for business, or profit, is in legal effect a mere partnership so far as the liability of its members to third persons is concerned; and accordingly each member is individually liable as a partner for a debt contracted by the association. As each partner represents his copartners, so each member of the association represents his comembers, and each is bound by the acts of the others in the common behalf. This liability for the debts of the association is imposed on each member by law. It arises out of his membership as a necessary incident thereto. It does not depend upon any stipulation in the laws of the society making him thus liable, or upon his assent to the contract out of which the debt arises; nor is it necessary that the members should have held himself out as a partner, or that the credit should have been extended to him rather than to the association. But, on the contrary, by becoming a member, he subjects himself to liability for all debts contracted by the association within the scope of its object and during the period of his membership."

"99. The members of an unincorporated association are responsible for tortious acts committed by the society, where it can fairly be assumed that they were within the scope of the purposes for which the organization was formed, and they are liable for torts committed by the association's agents, acting within the scope of their employment."

[11] Chapter 2, tit. 105, Rev. St. 1925, provides that a suit may be brought by or against any unincorporated joint-stock company or association in its company or distinguishing name, and article 6137 of that chapter provides that in the event of a judgment against the association, it shall be equally binding upon the individual members served with citation, and execution may issue against the property of the individual stockholders or members, as well as against the joint property, but that execution shall not issue against the individual property of the stockholders or members until execution against the joint property has been returned without satisfaction. Those statutes are cited to show the recognized common-law liability of the individual members of an unincorporated association, whenever the action is brought against the association in its collective name. But while the statutes noted have application only when the suit is against the association in its collective name, yet article 6138, which is the concluding article of the chapter, expressly provides that the provisions of the former articles of the same chapter shall not impair the right if any person to sue the individual stockholders or members, and that the preceding provisions of the chapter shall be construed as merely cumulative of other remedies existing under the law.

Accordingly, we have reached the conclusion that, even though it could be said that the Park Kemp Telephone Company was not organized for profit and therefore was not, strictly speaking, a partnership, and that appellant was not liable as a partner, nevertheless the members thereof were liable individually under the rules governing in the law of

master and servant, or the law of principal and agent, at all events.

The motion for rehearing is overruled.