## LIQUID CARBONIC COMPANY v. M. L. DILLEY.

### No. 2496.    Decided April 10, 1918.

**1.—Charge—Negligence—Proximate Cause.**

An instruction in an action for personal injury, directing recovery in case plaintiff, in the performance of his duty as an employe of defendant and in the exercise of ordinary care, was injured by the explosion of a solution tank used by defendant in connection with its work, and such explosion was caused by defendant's negligence, was not liable to mislead the jury under the facts here presented, nor ground for reversal, though it omitted the requirement that the injury must have been "proximately" caused by such negligence. But the omission of such element is not regarded with favor. (P. 142.)

**2.—Master and Servant—Vice Principal—Duty to Examine and Test Machinery.**

Evidence here presented is held to present merely a question of fact as to whether an assistant engineer, acting in the absence of the engineer, his superior, was charged with the duty of examining and testing the safety of the appliances with which he was directed by such superior to work. A re-

quested instruction assuming that such was his duty as matter of law merely because he was acting in the engineer's place, was properly refused. (Pp. 142-144.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Dilley sued the Liquid Carbonic Company for personal injuries received while in its employment, and recovered judgment, which was affirmed on appeal by defendant. The latter thereupon obtained writ of error.

*Harry P. Lawther,* for plaintiff in error.—In order for defendant in error to recover, the jury must have found from the evidence not only that plaintiff in error was negligent, but that such negligence directly and proximately caused the injury complained of; and the jury should have been so instructed. The word "because" is not the legal equivalent of "direct and proximate cause." Thompson, Neg., vol. I, secs. 43-86; Labatt, Master and Servant, vol. II, sec. 2804 and notes.

It being uncontroverted that in Hogan's absence the work of cleansing out the high pressure coil was in charge of appellee, and under his control and direction, the special charge requested by appellant should have been given.

*Charles F. Clint,* for defendant in error.—This court has more than once held that said expression, "direct and proximate cause," in a charge is not essential, and may even be dispensed with and its equivalent in legal meaning used. Houston & T. C. Ry. Co. v. Higgins, 22 Texas Civ. App., 430, 55 S. W., 744; Houston & T. C. Ry. Co. v. Anglin, 99 S. W., 897.

The court did not err in refusing to give in charge to the jury appellant's special instruction No. 7, in that said charge is incorrect, since it absolves the appellant from liability, unless Hogan told the plaintiff that all the gas and pressure had been blown out of the high pressure coil, whereas, as a matter of law, under the evidence in this case, the appellant would be liable without reference to whether Hogan told the appellee that all the gas and pressure had been blown out of the high pressure coil.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a suit brought by defendant in error, M. L. Dilley, to recover of his employer, the Liquid Carbonic Company, plaintiff in error, damages for personal injuries, which resulted in the amputation of one of defendant in error's legs and in the impairment of his sight in one eye.

A jury trial resulted in a verdict and judgment against plaintiff in error for $8300, which was affirmed by the Court of Civil Appeals.

Defendant in error was engaged in cleaning a high pressure coil, in obedience to the orders of one Ed Hogan, engineer in plaintiff in error's

factory, and had just connected the coil with a certain charged tank when an explosion occurred, which caused the injury.

The seventh paragraph of the court's charge shows two distinct grounds, on which the jury were authorized to find that the plaintiff in error was negligent, and reads as follows:

"If you believe from the evidence that on or about August 12, 1910, plaintiff was in the employ of the defendant, and was directed by Ed Hogan to wash and cleanse a certain high pressure coil in its factory, and that in the exercise of ordinary care he attempted to wash out and cleanse said coil, and while so engaged a certain solution tank used in connection with said work exploded and that he was thereby injured as set forth in his first amended original petition, and that said explosion occurred because the defendant failed to exercise ordinary care in furnishing a reasonably sufficient, safe, and sound solution tank for said purpose or because the defendant failed to exercise ordinary care in seeing that the high pressure coil in No. 1, to which said tank was connected at the time of its explosion, was reasonably free from gas and in reasonably safe condition to be cleansed, and that a man of ordinary prudence, under the same or similar circumstances, would have acted as plaintiff did, then, in either of such events, you will find for the plaintiff and award him such damages as under the evidence he may be entitled to."

The only complaint with respect to the above paragraph of the charge is that it authorized a finding against plaintiff in error, regardless of whether the specified acts of negligence were the "proximate cause" of the injury. On the facts we do not believe the charge could have misled the jury. Chicago, R. I. & P. Ry. Co. v. Reames, 63 Texas Civ. App., 29, 132 S. W., 978. At the same time we do not regard with favor departure from the approved form of submitting the question of proximate cause in negligence cases.

The writ of error was granted with special reference to the assignment of error on the refusal of plaintiff in error's special charge No. 7, which reads:

"If you find from the evidence that the plaintiff, Dilley, at the time of the injury was assistant engineer of the defendant; and that in the absence of the engineer, Hogan, he took Hogan's place; and if you further find from the evidence that at the time of the injury and prior thereto, while plaintiff was preparing to cleanse the coil, Hogan was absent and the plaintiff, by virtue of being assistant engineer, was in Hogan's place, you are then instructed that unless you find from the evidence that Hogan, before he left, told the plaintiff that all the gas and pressure had been blown out of the high pressure coil, and unless you further find that in the exercise of ordinary care plaintiff relied upon said statement and acted thereon, you will find for the defendant."

Careful consideration leads us to conclude that the charge requested was properly refused.

As applied to the act of negligence on the part of the employer in

failing to exercise ordinary care to furnish a reasonably safe solution tank, for the use which its employe, the defendant in error, was expected to make of it, the charge is plainly erroneous, unless we can find from the record, as a matter of law, that defendant in error, when acting in Hogan's place and in his absence, became charged with the duty of the master with respect to furnishing or inspecting or testing the solution tank.

The record does not warrant such a finding from uncontradicted facts.

The evidence is undisputed that plaintiff in error, acting through engineer Hogan, directed defendant in error to use the very tank which the jury were authorized to find was dangerous for such use.

The general manager of plaintiff in error's factory testified that the tank belonged to the company and so far as he could see was in good shape and the only way to determine what pressure it would stand was by a test, and that such a tank might stand a thousand pounds pressure. The tank seems never to have been tested and did not withstand seven hundred and fifty pounds pressure.

We find no direct evidence that either Hogan or his assistant was required or expected to examine or test the tank, except that defendant in error testified: "I didn't test it. I don't know anything about those tanks. I didn't work in that capacity and had no business to test them. I had other things to look after." According to plaintiff in error's general manager, the assistant engineer was supposed to take the place of a "machinist in ordinary factories."

At most, the evidence raised merely a question of fact as to whether defendant in error, though acting in the engineer's place, was a vice principal as respects inspecting or testing the solution tank. Hence, it would have been error to direct a verdict, on that issue, on the mere finding that defendant in error was in the engineer's place. Nicholds v. Crystal Plate Glass Co., 126 Mo., 55, 27 S. W., 519 (3), 28 S. W., 99; Sanders v. Houston & T. C. R. Co., 93 S. W., 139; 3 Labatt's Master & Servant, sec. 899.

Nor do we think the requested charge was free from error as applied to the negligence alleged by reason of the failure of defendant in error to exercise proper care to see that the high pressure coil was reasonably safe for use by defendant in error at the very time of his injury. The charge instructs the jury that plaintiff in error could not be guilty of negligence in this respect if defendant in error was acting in the place of the engineer, unless the latter stated to him "that all the gas and pressure had been blown out of the high pressure coil."

The only witness who testified that the engineer made the quoted statement was the defendant in error.

The jury might have found that no such statement was made, and yet have found, on other testimony: first, that high pressure coil had not been cleaned, at this factory, by means of connection with a charged tank, containing a solution, until the day preceding defendant in error's injury, and that defendant in error was not then present, and had no

knowledge of how the work should be done; second, that plaintiff in error, acting by engineer Hogan, with full knowledge of the necessity to have the gas blown out of the high pressure coil, before connecting same with the solution tank, directed defendant in error to go ahead and wash out the coil and assured him that everything was ready to wash same out; and that thereupon defendant in error proceeded to connect the coil with the solution tank, causing the explosion.

Such facts would certainly warrant the finding of actionable negligence, and yet, might all be present, though the jury did not believe that the engineer expressly assured defendant in error that all the gas and pressure had been blown out of the coil.

The remaining assignments present no reversible error, and the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*