PANHANDLE & S. F. RY. CO. v. KORNEGAY. (No. 1404.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 30, 1918. Rehearing Denied
Nov. 27, 1918.)

1. Witnesses ⬤⟶388(10) — Impeachment — Predicate.

In a personal injury action where it was claimed plaintiff's mental powers had been impaired, and defendant's witness testified that plaintiff before the injury stated that he was at times demented, it was not error to exclude further testimony of the witness that such statement was made when plaintiff was being threatened with a criminal prosecution; such fact not being necessary as a predicate to impeachment of plaintiff.

2. Trial ⬤⟶194(19)—Weight of Evidence—Instructions.

In an employé's action for injuries, an instruction, grouping the facts relied on by plaintiff as constituting negligence, and directing the jury to find for plaintiff if such facts constituted negligence, was not objectionable as on the weight of evidence.

3. Trial ⬤⟶296(9)—Instructions—Cure of Error.

In an employé's action for injuries sustained while alighting from a train, an instruction for plaintiff if the facts relied on by him constituted negligence was not erroneous, as directing a verdict without a finding of proximate cause, in view of other instructions given.

4. Appeal and Error ⬤⟶1067 — Harmless Error—Failure to Instruct.

In an employé's action for injuries in alighting from defendant's train which failed to slow up as was its custom, it was not prejudicial error to refuse to charge more specifically as to contributory negligence, where the issues were simple and the facts suggested by the request would naturally be considered by the jury in the absence of instructions.

**5. TRIAL ⬠252(11)—INSTRUCTIONS—ASSUMED RISK—APPLICABILITY TO EVIDENCE.**

In a railway employé's action for injuries sustained while alighting from a moving train which failed to stop as was customary, it was not necessary to submit the law of assumed risk as an ordinary incident to the employment, where there was no evidence thereof.

**6. TRIAL ⬠251(8)—INSTRUCTIONS—APPLICABILITY TO PLEADING—ASSUMED RISK.**

In a railway employé's action for injuries sustained while alighting from a moving train, assumed risk as an extraordinary incident to the employment was properly withheld from the jury where not pleaded.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by T. C. Kornegay against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. C. Reid, of Albuquerque, N. M., Madden, Trulove, Ryburn & Pipkin, of Amarillo, and Roscoe Wilson, of Lubbock, for appellant.

W. D. Benson, of Flagstaff, Ariz., and M. Fulton and Percy Spencer, both of Lubbock, for appellee.

BOYCE, J. Appellee, Kornegay, recovered judgment in the court below as damages on account of personal injuries sustained in alighting from a moving train operated by appellant railway company. Appellee was at the time in the service of the railway company as a laborer, in the work of ballasting the roadbed. He ate and slept with other laborers engaged in such service in boarding cars furnished by the railway company, at the gyp pit from which the ballast was taken. It was customary for the ballast train, after unloading at various points along the line of road, to stop at the gyp pit to allow such laborers as had accompanied it for the purpose of assisting in the work of unloading to alight at such place. On the day of the injury, appellee had gone out with the ballast train, and the train, after unloading, and as it was returning to Lubbock past the gyp pit after dark, slowed down at such pit for the laborers on it to alight but did not stop. Appellee, Kornegay, fell in getting off and sustained the injuries for which he sued. The evidence is sufficient to support the finding of the jury that the railroad company was negligent in failing to stop at the gyp pit. The jury found that appellee was guilty of contributory negligence and on this account reduced the damages allowed him by one-half. It is conceded that the case falls within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]).

[1] The appellant claimed as one element of damages that his mental powers had been impaired as a result of the injury, and the first assignment complains of the refusal of the court to allow a witness for the defendant to detail the occasion for a conversation had with appellee prior to the injury, in which the appellee stated to the witness that he was at times demented. The court allowed the witness to testify as to the statement made by the appellee that he was at times demented, but refused to permit such witness to testify that the statement was made at a time when appellee was being threatened with prosecution for unlawfully disposing of mortgaged property and as a reason why he should not be prosecuted. The details of or occasion for the conversation are not relevant, except for the purpose of identifying the time, place, etc., of the conversation so that a proper predicate for impeachment may be laid. It does not appear to have been necessary to have shown that appellee was being threatened by the witness with prosecution for the unlawful sale of mortgaged property in order to have made this identification. Both the witness and the appellee testified fully to other facts in detail that would suffice to lay a proper predicate for impeachment.

[2, 3] Special charge No. 1, given by the court at the request of appellee, grouped the facts relied on by appellee as constituting negligence and informed the jury that if they should find such facts to be true, and that they constituted negligence, then they would answer the special issue submitted to them in the general charge, to the effect that the defendant was guilty of negligence, and assess plaintiff's damages as called for in another special issue. Numerous objections are urged to this charge. We do not think the special charge is on the weight of the evidence, as contended by appellant. The question of negligence is left to the jury. The second objection urged to the charge is that it directs a recovery without a finding that the negligence was the proximate cause of appellee's injury. The only issues of negligence and proximate cause submitted were contained in the second special issue, as follows:

"Was the negligence of the defendant or its trainmen, if any, the proximate cause of the injury, if any, to plaintiff?"

It was evidently not the intention of the trial court by the special charge to eliminate the issue of proximate cause, though a strict and literal adherence to the terms of the special charge might indicate this. The court, in its general charge, had defined "proximate cause," and had, as we have stated, included such issue in the submission of the issue of negligence. Construing the charge as a whole, we do not think the jury was likely to have concluded therefrom that the court intended to eliminate the issue of proximate cause. Liquid Carbonic Co. v. Dilley, 202 S. W. 316; C., R. I. & P. Ry. Co. v. Reames, 63 Tex. Civ. App. 29, 132 S. W. 978. The third proposition under this second assignment,

complaining of the giving of this special instruction, is to the effect that the evidence is insufficient to justify the submission of an issue of negligence on account of the failure of the train to stop at the gyp pit. The evidence, we think, is sufficient to warrant the finding that it was the duty of the railway company to stop this train, or at least to come to such comparative stop, as would enable the laborers on it to alight with safety, and that it was guilty of negligence in failing to do this on this occasion.

The third assignment complains of the charge wherein the jury is authorized to take into consideration certain stated elements of damage, without limiting such recovery to such damages as resulted proximately from the negligence of the defendant. What we have said in disposing of the second proposition under the second assignment is applicable in a measure to the determination of this assignment. The jury, in this connection, were further instructed that these elements of damage must have been sustained "as a direct and proximate result of the injury." The jury having been instructed to find whether the negligence was the proximate cause of the injury, it follows, when these charges are construed together, that the jury were only allowed to assess such damages as were the proximate result of the negligence.

[4] By the fourth, ninth, and tenth assignments complaint is made of the refusal of the court to more specifically submit the issues of contributory negligence. The defendant had pleaded that the plaintiff did not properly care for and treat his injuries, and the court submitted generally an instruction that it was the duty of a person receiving an injury to use ordinary care in the care and treatment thereof, and is not entitled to any damages caused by failure to use such care. There was only one act on the part of appellant, as disclosed by the evidence, which could have supported this plea, and we do not see how the jury could well have failed to understand that the charge given applied to this condition. The appellant also pleaded contributory negligence on the part of appellee in failing to exercise ordinary care in alighting from the train at the time he was injured. On this issue the court gave a general instruction, and also gave one special instruction requested by the defendant, though it did not cover the group of facts stated in the requested charge, which was refused and is made the basis of the tenth assignment. We are inclined to think that appellant was entitled to have this charge, as well as the charge referred to in the fourth assignment, given. However, we do not think that the refusal to give these charges could have prejudiced the appellant. The issues were simple, and all the facts suggested in the special charges would be naturally taken into consideration by the jury in determining them. The jury actually found that plaintiff was guilty of contributory negligence in alighting from the train and reduced his recovery on that account one-half. Under the circumstances, we do not think the refusal to give these special instructions requires a reversal of the case.

[5] The fifth to the eighth assignments, both inclusive, concern the submission of the issue of assumed risk. The record presents rather a peculiar condition in its relation to these assignments. The appellant pleaded that the injury was the result of a risk ordinarily and usually incident to appellee's employment, one of which was that involved in the getting on and off of moving trains. The court gave a general instruction on the assumption of risks ordinarily incident to the service, and also gave one of appellant's requested instructions along the same line; but no issue of assumed risk was submitted, the case being submitted on special issues, and the jury were not permitted to make any finding to which these instructions were applicable so that they were pointless. The appellant requested the submission of an issue of assumed risk, and a reversal of the case will be necessary if the pleading and the evidence raise the issue. Appellant has made no statement of any facts offered in evidence in support of the plea, and we accept as correct the statement made by appellee to the effect that no evidence was offered to show that the getting on and off of moving trains was an incident to the character of service in which appellee was engaged. The evidence thus fails to raise an issue of the assumption of the risk as one of the ordinary incidents of the employment, and the court was not required to submit this phase of the law of assumed risk. The propositions presented by appellant under these assignments proceed on the theory that the record presents the issue of assumed risk based on the rule that when the risk is extraordinary, due to the negligence of the employer, yet the employé, if he knew of the extraordinary danger, or it was so obvious that he must be held to have appreciated it, and proceeded when it was not necessary to incur the same, will be held to have assumed the risk. Several reasons are submitted by appellee why this phase of the law of assumed risk should not be applied to the facts of this case. In the first place, it is urged that the doctrine has no application to a risk caused by an isolated act of negligence suddenly presented and taken, but that such cases are governed purely by the law of contributory negligence. However strong may be the reasoning on which this contention is based, we do not consider the question an open one, particularly under the application of the doctrine of assumed risk as announced by the United States courts, by whose decisions we are

bound. P. & S. F. Ry. Co. v. Brooks, 199 S. W. 669.

In the case of C. & O. Ry. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. Ed. 1016, a brakeman, in boarding a fast moving train, was thrown therefrom and injured. The engineer operating the train knew that the brakeman was to board it at the place where the attempt was made and was negligent in so increasing the speed of the train as to make it unsafe for the brakeman to get on it, and it was held that an issue of an assumption of the extraordinary risk thus created by the negligence of the engineer of the train was presented. We cannot see any distinction between that case and this one so far as the principle of law applicable to the question here suggested is concerned. Appellee also suggests that the evidence is insufficient to raise this issue on this phase of the law. Again, appellant has made no statement of facts under the assignment, and appellee asserts that there is no evidence to show that appellee appreciated the danger that confronted him in getting off the train as he did. But assuming that it is true that there was no direct evidence to this effect, a jury might have found that the danger was so obvious that appellee was bound to have appreciated it, so that we believe that the circumstances are sufficient to have presented a question of fact for the jury on this issue. C. & O. Ry. Co. v. De Atley, supra.

[6] But we are of the opinion that appellant's pleadings are insufficient to have required the submission of this phase of the law of assumed risk. As we have already stated, appellant pleaded only the assumption of the risk on the theory that it was one ordinarily incident to the service. The determination of a question of the assumption of an extraordinary risk caused by the negligence of the master is dependent upon entirely different facts and rules of law. The burden was upon the appellant to both plead and prove the defense of assumed risk. I. & G. N. Ry. Co. v. Harris, 95 Tex. 346, 67 S. W. 315; I. & G. N. Ry. Co. v. Garcia, 54 Tex. Civ. App. 59, 117 S. W. 206; M., K. & T. Ry. Co. v. Jones, 35 Tex. Civ. App. 584, 80 S. W. 855; G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Kanawha Ry. Co. v. Kerse, 239 U. S. 576, 36 Sup. Ct. 174, 60 L. Ed. 448.

The pleading raising an issue on one phase of the law of assumed risk is not, in our opinion, sufficient to require the submission of an issue of an entirely different phase thereof. Authorities above cited, particularly I. & G. N. Ry. Co. v. Garcia, supra. For these reasons we overrule these assignments.

We have found no error assigned which in our opinion requires a reversal of the case, and the judgment will be affirmed.

