ROBERTS et al. v. McKINNEY. (No. 115.)

(Court of Civil Appeals of Texas. Beaumont. May 11, 1916. Rehearing Denied July 3, 1916.)

MINES AND MINERALS ⬤⟲97—PARTNERSHIP— SHARING PROFITS AND LOSSES.

Persons contributing labor, material, and cash to driving an oil well under agreement to incorporate and issue stock in proportion to their contributions, if the well comes in, otherwise each to lose what he puts in, are partners.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 222; Dec. Dig. ⬤⟲97.]

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Frank H. McKinney against I. D. Roberts and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. W. Cruse, of Beaumont, for appellants. David E. O'Fiel, of Beaumont, for appellee.

MIDDLEBROOK, J. This is a suit originally filed in justice court, precinct No. 1, Jefferson county, Tex., by Frank H. McKinney against B. F. Bowles, I. D. Roberts, J. Long, and Ed Wintz for the sum of $102 for 34 days work at $3 per day, the plaintiff alleging the defendants to be a partnership. The trial in the justice court resulted in a judgment for the amount sued for in favor of the plaintiff, and in due time appeal was taken to the county court, and upon a trial in that court the same judgment was secured, and the case is now properly before this court upon appeal.

Briefly stated, the facts pertinent to the assignments in this appeal are that B. F. Bowles, one of the defendants, about September or October, 1911, secured a lease from John W. Henderson and others for about one acre of land on Spindletop and was going to bore for oil. He was not able to put down the well himself, and went to some of his friends and explained to them about the lease which he had, and told them he was sure of making a paying well, but that he would need some money to pay for oil and other small matters in the way of expenses which came up; that he had lumber for a derrick and machinery and labor already paid for, that is, they were to take stock in the well for their labor and material when the well was finished, and came in, at which time they were to incorporate a

company with the well and the lease as the capital stock, and issue stock to every one that was entitled to same, in proportion to the money, labor, etc., furnished. I. D. Roberts put $300 into the undertaking with the understanding that, when the well was brought in, it would be incorporated, and he was to have stock in proportion to the amount of money he furnished. Mr. Wentz put in $200, and Mr. Long put in $100, and they each worked on the well while it was being bored, and it was agreed among the parties that if they got a well they would form a company and issue stock, and that if they did not get a paying well that each would lose the money and labor he put into the undertaking. They never did incorporate, because the well was worthless, terminating in a salt water well. Mr. Roberts, while the work was in progress, bought some pipe and sent it out to the well, and it seems from the statement of facts that he loaned the pipe, and was to get the pipe back, and he was not to have any stock issued for the pipe loaned, but the pipe was left in the well. During the progress of the work, Bowles called on Mr. Roberts to pay for a fishing tool, which cost $28, and he paid for it. He also bought fuel oil and paid for it, and the testimony of all of the witnesses agrees that they were taking a chance when they put in their money of losing it if no paying well was brought in, and if a paying well was brought in that each would share in the property in proportion to the amount of money or its equivalent put into the undertaking by each of them. There was some testimony to the effect that McKinney was to take stock for his work, but he disputed that, and said that Bowles tried to pay him off in stock at about the time the proposition was shown to be a failure, but he declined to take it. The judgment of the trial court disposes of this issue, and it is not necessary to notice it here, nor is there any assignment of error raising it. The labor, for which suit was brought by McKinney, was performed by his minor son.

The first assignment of error is as follows:

"The court erred in finding that B. F. Bowles, I. D. Roberts, J. Long, and E. Wentz were partners at and during the time plaintiff's son performed the labor for which this suit is maintained, because the evidence before said court fails to establish by a preponderance of the evidence that such parties were partners."

The proposition following it is:

"The judgment in this case is not supported by a preponderance of the evidence, proving the partnership and employment of plaintiff's son."

The second assignment of error is:

"The court erred in rendering judgment against I. D. Roberts, J. Long, and E. Wentz as partners, because in law the facts proved upon the trial of this cause are insufficient in law to make them partners of B. F. Bowles, and that such judgment is contrary to and against the law."

The third assignment of error is:

"The court erred in not rendering judgment for the defendants (appellants) upon a special

plea of defense, because the great preponderance of evidence, undisputed, showed that the defendants advanced to B. F. Bowles money and labor on the well, which was being drilled on Spindletop, with the distinct agreement and understanding between them that if an oil well was made on said lease, producing oil, at the time of the bringing in of such well a company would be organized, or incorporated, with said lease and well as the capital stock, and each of these defendants, with other parties interested, would be issued stock in said company, in proportion as the amount of money and labor advanced by each, and if said well failed they would get nothing for their money and labor, and that said well did fail."

The proposition of law presented under this assignment is:

"A mere understanding or agreement between two or more persons, even though money is advanced, that they will at a future time organize or incorporate, will not of itself create a partnership."

It is clear that a disposition of either of these assignments contrary to the view of appellants will be a substantial disposition of all three of the assignments. In short, the only thing presented to this court for determination is: Do the facts presented make the parties defendant a partnership? If they do, the case should be affirmed. If they do not, the case should be reversed.

The undisputed facts show that Bowles was undertaking to put down a well, using his skill at such business, and that the other defendants, some of them were furnishing money and material, and some of them furnishing part money and part labor on the well, and that they had a common interest in the outcome of the undertaking; i. e., that if they brought in a successful well they would share in the stock to be issued by a company to be incorporated when the well was finished, in proportion to the amount of money, material, and labor furnished by them, and, if no paying well was brought in, then each would lose what he had put into the undertaking. In Kelley Island Lime & Transportation Co. v. Masterson, 100 Tex. 38, 93 S. W. 430, Justice Brown, speaking for the Supreme Court, tersely lays down the rule determining partnerships under such conditions in this language:

" 'If one person advances funds, and another furnishes his personal services and skill in carrying on the business and is to share in the profits, it amounts to a partnership. It would be a valid partnership, notwithstanding the whole capital was in the first instance advanced by one partner, if the other contributed his time and skill to the business, and although his proportion of gain and loss was to be very unequal. It is sufficient that his interest in the profits be not intended as a mere substitute for a commission, or a lien of brokerage, and that he be received into the association as a merchant and not an agent' "—citing Goode v. McCartney, 10 Tex. 193; Ball v. Britton, 58 Tex. 57.

In his opinion in this case, Justice Brown distinguishes the case of Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7.

We think, clearly, under the facts of this case and the law applicable to partnerships,

as announced by our Supreme Court, the defendants (appellants) constituted a partnership, and, so thinking, the judgment of the court should be sustained, and the case is therefore affirmed.

