**FINNEY et al. v. TERRELL.   (No. 1.)**

(Court of Civil Appeals of Texas. Eastland. May 17, 1925.)

1. **Appeal and error** ⚖️846(2, 5)—**Where no request for findings of fact and conclusions of law, judgment will be sustained on any theory supported by evidence.**

In absence of request for findings of fact and conclusions of law in action tried by court, the judgment will be sustained, if possible, on appeal on any theory supported by the evidence.

2. **Joint adventures** ⚖️1—**Evidence held to show that enterprise of parties was a joint adventure.**

Evidence *held* to show that enterprise for promotion of a gasoline plant in which plaintiff and defendants participated was a joint adventure, entitling plaintiff to an equal division of stock of company.

3. **Joint adventures** ⚖️1—**"Joint adventure" similar to partnership, except that it generally relates to a single transaction.**

A "joint adventure" is similar to a partnership, except that it generally relates to a single transaction, though it may comprehend a business to be conducted for a period of years, while a partnership is formed to transact a particular kind of business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Joint Adventure.]

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

─────────────────────────────

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Charles Terrell against E. D. Finney and another. . From a judgment for plaintiff, defendants appeal. Affirmed.

Conner & McRae, of Eastland, and Levy & Evans, of Fort Worth, for appellants.

W. H. Sewell, of Staton, and Chastain & Judkins, of Eastland, for appellee.

RIDGELL, J. Charles Terrell brought this suit against the Baltic Gasoline Company. E. D. Finney, and R. W. Thomas, alleging that in the early part of 1923 the plaintiff and Finney and Thomas agreed that they would jointly promote and organize a corporation for the purpose of erecting and equipping a gasoline plant. Pursuant to said agreement the Baltic Gasoline Company was incorporated, and a gasoline plant financed and built, and other services rendered and performed in connection with securing gas contracts as more fully set out in plaintiff's petition. Plaintiff alleged that the Baltic Gasoline Company was to pay Terrell, Finney, and Thomas, and they were to receive 450 shares of its common stock, and thereafter by agreement said stock was issued to defendant Finney in trust for the said three parties.

Plaintiff alleged that said gasoline plant was built, certain gas contracts secured, and that plaintiff was to receive one-third of said 450 shares of stock in defendant company for his services.

Plaintiff further alleged, in the event it should be found that there was no express agreement as to amount of stock he was to receive for his services, that then the reasonable value of his services was one-third of the 450 shares of stock.

The defendants answered by general demurrer and general denial, and specially answered that they (Finney and Thomas) first promoted the enterprise and produced the same, and that thereafter plaintiff was employed to procure certain gas contracts, and that they would convey to plaintiff for his services an interest in the plant, but that the amount to be conveyed to plaintiff was not stated, and nothing was said as to plaintiff's compensation other than that he would be paid with an interest in the plant. The defendants also denied partnership with plaintiff, and prayed that upon hearing plaintiff be given 50 shares of stock in defendant company for his services.

The cause was tried before the court without a jury, and resulted in plaintiff's obtaining judgment for the 150 shares of stock, from which judgment the defendants gave notice and prosecute this appeal.

### Opinion.

This appeal is based upon one assignment of error. In this assignment the appellants assert that the evidence is insufficient to sustain the judgment; that under the evidence appellee is not entitled to recover the 150 shares of stock in the Baltic Gasoline Company, and that appellee was neither a partner nor joint adventurer with Finney and Thomas, and that the evidence is insufficient to sustain the judgment.

[1] There was no request by appellants that the trial court file findings of fact and conclusions of law, and, in the absence of such findings, it is the duty of this court to sustain the judgment, if it can be done upon any theory, which, of course, is supported by the evidence in the record. Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560; Wilson Hydraulic Casing Pulling Machine Co., v. James, 271 S. W. 424, recently decided by the Amarillo court.

[2] Charles Terrell testified that, after he had gone into the organization by which the three agreed to combine their efforts in promoting the gasoline plant and securing gas contracts, and after same had progressed to some extent, the three had a discussion at Mr. Thomas' house, and that the following occurred:

"About 2 o'clock in the morning Mr. Thomas asked me if I thought that he was taking an arbitrary stand in the matter, and he said he did not want me to take that stand, and said he was willing to share the bonus stock equally, and asked Mr. Finney if he was willing to share it that way, and Mr. Finney said he would, and I said, 'Gentlemen, the matter is closed.' Then and from that time on nothing else was said about the division."

R. W. Thomas testified:

"On that first trip that Mr. Terrell and I made to Fort Worth, he told me Finney had promised him an equal one-third share with Finney and me. When I got back to Ranger and talked with Finney I found that that was not so. I knew Terrell claimed an equal one-third interest in it."

The evidence further shows that, after Terrell claimed to Thomas the one-third interest, Terrell continued to work jointly with Finney and Thomas in the further promotion of the enterprise.

N. N. Rosenquest testified that in a conversation with Terrell, Finney, and Thomas with reference to certain gas contracts which they were seeking to obtain from his company that he, Rosenquest, stated, "I take it that you three men are the promoters of the company," and that one of them answered, "Yes," and that in the further discussion of the capital invested he, Rosenquest, stated that the $45,000 promotion was pretty good —$15,000 apiece—and that neither of the defendants made any objection.

Without quoting further testimony, there is evidence showing that Terrell, Thomas, and Finney joined together in this enterprise, and that it was a joint venture of the three parties, and they worked together with that in view. It is true, from the standpoint of

appellant nothing was ever said as to the division of the stock or the amount of stock Terrell waś to receive for his compensation. The evidence of appellee was in sharp conflict with the testimony of appellants and the trial court in passing upon the evidence settled the difference in favor of appellee.

It would follow as a matter of law from the view of the facts that it was a joint adventure, and where the venture is joint, each party would be entitled to an equal division of the profits, irrespective of equality in payment or service.

[3] The subject of joint adventure is comparatively of modern origin. It was unknown at common law, being regarded as within the principle governing partnerships. And, while some jurisdictions hold that the joint adventure is not identical with partnership, it is everywhere regarded as of a similar nature and governed by the same rules of law. A distinction lies in the fact that a partnership is ordinarily formed for the transaction of a business of a particular kind and character, while joint adventure, as a general accepted term, relates to the single transaction, although the latter may comprehend a business to be continued for a period of years. There is such a kinship and similarity in the principle that the distinction is remote. This transaction under our law would be from the facts treated as a joint adventure and enterprise of the parties.

The evidence in this record sustains the finding that the appellee was entitled to recover the 150 shares of stock, and, the trial court having so found, we are not disposed to disturb that finding, and the judgment is therefore affirmed.